UNITED STATES of America,
Plaintiff–Appellee,

v.

Renato TORRES, Defendant–Appellant.

No. 93–3875.

United States Court of Appeals,
Seventh Circuit.

Argued June 15, 1994.

Decided July 11, 1994.

Barry R. Elden, Asst. U.S. Atty., Ronald D. May (argued), Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for U.S.

Fred M. Morelli, Jr., Aurora, IL (argued), for Renato Torres.

Before ESCHBACH, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Renato Torres and Carlos Olivares produced $60,000 to pay for three kilograms of cocaine. It was a trap. The "sellers" were federal agents; Torres and Olivares lost the money and their liberty. Torres pleaded guilty to drug offenses and was sentenced to 73 months' imprisonment. His sole argument on appeal is that, by virtue of the double jeopardy clause, the forfeiture of the $60,000 precludes the sentence of imprisonment.

We know from *Austin v. United States*, — U.S. —, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), that forfeiture and civil fines can be penalties for crime, and from *Halper* and *Montana Department of Revenue v. Kurth Ranch*, — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), that a financial exaction (in *Kurth Ranch*, a tax imposed only on persons arrested for drug offenses) can count as a separate jeopardy. *Austin* involved 21 U.S.C. § 881, the same statute invoked to forfeit the $60,000. Torres asks us to put these opinions together and hold that the forfeiture, which occurred first, is a former jeopardy barring the sentence of imprisonment.

 If the prosecutor had sought both forfeiture and imprisonment via the same indictment, Torres's argument would be a non-starter. For the double jeopardy clause does not bar cumulative punishments imposed in a single proceeding—whether these punishments be the ordinary combination of prison plus a fine, or consecutive terms in prison, or prison plus a forfeiture. *Ohio v. Johnson*, 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *Albernaz v. United States*, 450 U.S. 333, 343–44, 101 S.Ct. 1137, 1144–45, 67 L.Ed.2d 275 (1981); *Whalen v. United States*, 445 U.S. 684, 693, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980); *United States v. Masters*, 978 F.2d 281, 285 (7th Cir.1992). But the prosecutor did not seek both prison and forfeiture in a single indictment, which would have ensured that there would be a single trial (and hence only one jeopardy). See Fed.R.Crim.P. 7(c)(2), 31(e), 32(b)(2). Instead the United States commenced separate criminal and administrative proceedings, one seeking imprisonment (plus a fine) and the other seeking forfeiture. With the benefit of *Austin* and *Kurth Ranch*, both of which were decided after this prosecution began, the prosecutor doubtless can see the hazards of such an approach. The United States would do well to seek imprisonment, fines, and forfeiture in one proceeding.† When choosing between civil and criminal forfeitures, the prosecutor will have to

---

† Forfeiture usually is an *in rem* proceeding, and other persons may have had claims to the money. The United States could not have larded into the criminal proceeding against Torres the resolution of all claims to the $60,000. But it could have sought in the criminal indictment to forfeit Torres's interest, if any, in the $60,000, using the administrative forfeiture proceeding to entertain and resolve other claims to the cash.

recall that after *Halper, Austin,* and *Kurth Ranch* the nomenclature "civil" does not carry much weight. We must consider whether, by beginning separate, but parallel, proceedings, the prosecutor has freed Torres from imprisonment.

Writing before *Kurth Ranch,* two courts of appeals answered in the negative on the ground that parallel civil and criminal proceedings are really a single action, distinct only because "[c]ivil and criminal suits, by virtue of our federal system of procedure, must be filed and docketed separately." *United States v. Millan,* 2 F.3d 17, 20 (2d Cir.1993); see also *United States v. 18755 North Bay Road,* 13 F.3d 1493, 1499 (11th Cir.1994). There is force to this in the sense that the civil and criminal actions may be coordinated, holding down expense and travail. But if as *Kurth Ranch* holds a civil proceeding to collect a monetary penalty for crime counts as an independent "jeopardy," it does not require much imagination to see the problem. Civil and criminal proceedings are not only docketed separately but also tried separately, and under the double jeopardy clause separate trials are anathema.

▆ Suppose the civil forfeiture gets to trial first. The United States will try to show that the money was used in an illegal drug transaction. 21 U.S.C. § 881(a)(6). At the beginning of the hearing, when evidence is first presented to the trier of fact in a proceeding seeking to impose a penalty for crime, jeopardy "attaches." See *Crist v. Bretz,* 437 U.S. 28, 32–36, 98 S.Ct. 2156, 2159–61, 57 L.Ed.2d 24 (1978). At the end of the proceeding, the trier of fact makes appropriate findings and either forfeits the property or concludes that the claimant didn't do it or has some statutory defense. Come the criminal trial, the accused can plead former jeopardy—former conviction (and punishment) on the one hand, former acquittal on the other. The point of *Johnson, Hunter,* and *Albernaz* is that cumulative punishments imposed at the end of a single trial do not violate a constitutional rule limiting the number of times the accused may be put to his defense for the same crime. Separate administrative and criminal proceedings can lead to two trials, each of which produces a punishment for a single offense. Two trials, even if close in time, are still double jeopardy. This would be clear enough if the United States put Torres on trial, convicted him of attempting to buy the cocaine, and sentenced him to 37 months' imprisonment, then the next day held a second trial for the same offense and tacked on another 36 months, for a total of 73. Although 73 months would have been a lawful punishment after a single trial, Torres would have had an invulnerable defense of former jeopardy at trial No. 2. In *Kurth Ranch* itself the tax proceeding was begun at the same time as the criminal prosecution; the Supreme Court did not think the fact that the two were pending contemporaneously mattered. —— U.S. at —— n. 21, 114 S.Ct. at 1947 n. 21 (remarking that the case "involves separate sanctions imposed in *successive* proceedings") (emphasis in original).

▆ This case shows, however, that parallel administrative and criminal actions do not *necessarily* violate the double jeopardy clause. Torres received notice inviting him to make a claim in the civil forfeiture proceeding. He did not. As a result, he did not become a party to the forfeiture. There was no trial; the $60,000 was forfeited without opposition, and jeopardy did not attach. You can't have double jeopardy without a former jeopardy. *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975). As a non-party, Torres was not at risk in the forfeiture proceeding, and "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id.* at 391–92, 95 S.Ct. at 1064. Torres was no more "in jeopardy" in a forfeiture proceeding in which he was not a party than he would have been in a separate trial of Olivares—a trial in which Torres might have been a witness and that could have ended with a finding by the judge that Torres and Olivares sought to buy cocaine, just as the indictment charged.

▆ Indeed, because Torres did not make a claim in the forfeiture proceeding, we have no reason to believe that he owned or had any interest in the money. Even in the criminal proceeding, he has not said that he

was the funds' owner. Perhaps he was just a courier, making the buy on behalf of an undisclosed principal. If Torres lacked an interest in the cash, its forfeiture did not impose any penalty on *him,* and again the argument derived from *Kurth Ranch* fails. A non-"penalty" imposed in a civil proceeding does not amount to "jeopardy of life or limb" within the meaning of the fifth amendment. Torres is not entitled to escape time in prison just because the forfeiture may have penalized one of his confederates in crime, even his best friend.

AFFIRMED.

RIPPLE, Circuit Judge, concurring.

I agree that, because Mr. Torres did not make a claim in the civil forfeiture proceeding, he did not become a party to that proceeding and therefore could not have been placed in jeopardy. Therefore, I agree that the judgment ought to be affirmed on that ground.

The ink is hardly dry on the Supreme Court's decision in *Montana Department of Revenue v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), and the government has not yet had the opportunity to brief fully its applicability to the federal civil forfeiture provisions. Upon reviewing the pre-*Kurth Ranch* decisions of the other circuits, *United States v. Millan,* 2 F.3d 17 (2d Cir.1993), and *United States v. 18755 North Bay Road,* 13 F.3d 1493, 1499 (11th Cir.1994), I believe that the preferable course is to refrain from expressing an opinion on their continued vitality until we have the assistance of counsel and perhaps further guidance from the Supreme Court. With this reservation, I am pleased to join the judgment and the opinion of the court.