UNITED STATES of America, Plaintiff,

v.

Eugene CHANEY, Jr., Defendant.

Nos. 89–CR–10, 89–C–1457.

United States District Court,
E.D. Wisconsin.

May 4, 1995.

Pamela Pepper, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Eugene Chaney, Jr., pro se.

### ORDER

CURRAN, District Judge.

In January of 1989, Special Agents of the Drug Enforcement Administration received information indicating that a large cocaine transaction was scheduled to occur on the evening of January 10, 1989. The special agents set up surveillance on a motel room in Milwaukee, Wisconsin and, after observing suspicious activity, arrested Eugene Chaney, Jr. They also seized a suitcase containing approximately $138,000 in cash from the motel room which Chaney had been occupying.

On January 18, 1989, a grand jury sitting in the Eastern District of Wisconsin returned an indictment charging Chaney with attempt to possess with intent to distribute approximately 9 kilograms of cocaine. Trial commenced on March 20, 1989, and on March 22, 1989, the jury returned a guilty verdict and judgment of conviction was entered. A sentencing hearing was scheduled for May 5, 1989. At the request of both the government and the defendant, the sentencing hearing was postponed several times in order to permit the defendant an opportunity to cooperate with the government in on-going investigations of narcotics trafficking. On January 22, 1990, Chaney was sentenced to ten years imprisonment, followed by a five-year period of supervised release. This sentence represented a significant downward departure due to the Defendant's cooperation. Both the government and the Defendant had agreed that under the sentencing guidelines the Defendant's total offense level was 32, indicating an imprisonment range of 210 to 262 months to life and a fine of $17,500 to $4,000,-000, plus the cost of imprisonment and supervision. The court did not impose a fine, determining that Chaney did not have the financial ability to pay a fine or the cost of incarceration. Chaney himself had argued that, as a result of his criminal activity, not only had he lost his liberty but every penny that he had.

Following the trial but before the sentencing hearing on November 24, 1989, the government commenced a civil forfeiture proceeding against the cash found in the motel room. *United States v. $139,725 in United States Currency,* Case No. 89–C–1457. Chaney was served with the complaint on November 27, 1989, but did not file a claim. On January 8, 1990, the government requested entry of default and on January 10, 1990, the Honorable Robert W. Warren, before whom the case was pending, entered default judgment against Eugene Chaney, Jr. and all of the persons and entities having an interest in the Defendant property.

On November 9, 1992, Chaney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 challenging that the indictment failed to sufficiently allege the elements of conspiracy and that he was deprived of the effective assistance of counsel because his attorney failed to seek a bill of particulars along with a variety of other frivolous arguments. This petition was dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings because he had not been charged with a conspiracy and none of the allegations concerning the deficiency of his counsel's performance had merit. Chaney has now filed a motion which he purports to bring under Federal Rule of Civil Procedure 60(b) (perhaps in an attempt to avoid dismissal as abuse of the writ) in which he argues that because of the forfeiture proceeding his conviction violates the prohibition against double jeopardy.

The double jeopardy clause to the United States Constitution protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, ——, n. 1, 114 S.Ct. 1937, 1941, n. 1, 128 L.Ed.2d 767 (1994), citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Following the Supreme Court decisions in *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and *Kurth Ranch,* the Seventh Circuit decided *United States v. Torres,* 28 F.3d 1463 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), which had an underlying factual basis quite similar to the case at bar and thus guides this court's decision. The Seventh Circuit held that because the criminal defendant had not filed a claim in the prior civil forfeiture proceeding, he had not been put in jeopardy in the constitutional sense. *Torres,* like Chaney, had received notice inviting him to make a claim in the civil forfeiture proceeding but did not. He thus did not become a party to the forfeiture, the defendant funds were forfeited without opposition and jeopardy did not attach.

There can be no double jeopardy unless there has been a former jeopardy. *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975). The Torres court held that:

> Indeed because Torres did not make a claim in the forfeiture proceeding we have no reason to believe that he owned or had any interest in the money. Even in the criminal proceeding, he has not said that he was the fund's owner. Perhaps he was just a courier, making the buy on behalf of an undisclosed principal. If Torres lacked an interest in the cash, its forfeiture did not impose any penalty on *him,* and again the argument derived from *Kurth Ranch* fails.

*Torres,* 28 F.3d at 1465–66 quoting *Serfass,* 420 U.S. at 391–92, 95 S.Ct. at 1064–65.

In this case, as in *Torres,* Chaney failed to file a claim. Thus, neither the forfeiture action nor the criminal action constituted a double jeopardy. Accordingly,

IT IS ORDERED that the motion of Eugene Chaney, Jr. to vacate and correct an illegal conviction be and hereby IS DENIED.

Done and Ordered.