**Luvigj JUNCAJ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 95–72289.
Crim. No. 87–80292–01.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 4, 1995.

---

Keith Corbett, Asst. U.S. Atty., Detroit, MI, for defendant.

Howard J. Wittenberg, Detroit, MI, for plaintiff.

*OPINION AND ORDER DENYING DE-FENDANT'S MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 UNITED STATES CODE SECTION 2255*

FEIKENS, District Judge.

### I. *Background*

Luvigj Juncaj (Juncaj or petitioner) was arrested on April 24, 1987 for distribution of cocaine and heroin. During his arrest the Federal Bureau of Investigation (FBI) seized a 1985 Jaguar XJ6, worth approximately $25,000.00, pursuant to Title 21 United States Code (U.S.C.) § 881. On May 12, 1987, the FBI sent petitioner a letter which stated that the FBI had seized the property and that he could contest the seizure in court and/or petition the FBI for remission of the forfeited property. Petitioner chose to petition the FBI for return of the forfeited property.

This petition was denied by the FBI on June 23, 1988. In that denial Joseph Davis, legal counsel for the FBI, noted that a petition is a request for executive clemency and requests an equitable remedy, not a legal one. This was the extent of petitioner's attempt to recover the Jaguar XJ6.

On September 29, 1987, a jury found Luvigj Juncaj guilty of six drug felonies. On November 9, 1987, I sentenced petitioner to twenty years imprisonment, ten years probation and $300 in special assessments. *See generally* Record, Nov. 9, 1987 at 8–10, *United States v. Juncaj*, (Crim. No. 87–80292–01).

Petitioner now requests that I vacate his sentence because his criminal prosecution, after forfeiture of his property for the same conduct, violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

### II. *Discussion*

The Double Jeopardy Clause protects defendants from a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Ursery*, 59 F.3d 568 (6th Cir.1995). Petitioner argues that his conviction violated the third prohibition. To sustain his argument he points to cases which hold that civil forfeiture is a punishment within the terms of the Double Jeopardy Clause. *See Ursery*, 59 F.3d at 572–75. (*Ursery* was handed down after petitioner's motion was filed, but it invokes the same cases). As *Ursery* makes clear, however, petitioner missed a step in his analysis of the Double Jeopardy Clause, when he failed to ask whether jeopardy attached when he submitted a petition for remission to the FBI. *Id.* at 571–72.

A person cannot avoid prosecution by pointing to the Double Jeopardy Clause if jeopardy never attached in a prior proceed-

ing. *Id.* "Jeopardy attaches in a nontrial forfeiture proceeding when the court accepts the stipulation of forfeiture and enters a judgment of forfeiture." *Id.* (cites omitted). If there is no possibility of a determination of guilt or non-guilt by a trier of fact, jeopardy does not attach and further prosecution does not constitute double jeopardy. *Serfass v. United States,* 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975).

When a petition to the FBI for remission of forfeited property is denied, double jeopardy does not attach. The steps taken by the FBI to determine whether a petition should be granted justify this conclusion. In order to have his petition granted, a petitioner must establish the following:

(1) That petitioner has a valid, good faith interest in the seized property as owner or otherwise; and

(2) That petitioner had no knowledge that the property in which petitioner claims an interest was or would be involved in any violation of the law; and

(3) That petitioner had no knowledge of the particular violation which subjected the property to seizure and forfeiture; and

(4) That petitioner had no knowledge that the user of the property had any record for violating laws of the U.S. or of any state for a related crime; and

(5) That petitioner had taken all reasonable steps to prevent the illegal use of the property.

28 Code of Federal Regulations (C.F.R.) § 9.5.

These steps do not force the official who passes on the petition to decide whether petitioner was guilty or not guilty of a crime. Instead, the official presumes a valid forfeiture and then asks whether the petitioner deserves an equitable remedy. *Id.*

For this reason, Juncaj cannot escape this court's judgment by invoking the Double Jeopardy Clause. Juncaj received notice that he could contest the validity of the forfeiture of the Jaguar XJ6 in court, but he chose to pursue an equitable administrative remedy instead. Prior to imposition of his sentence in this court, a trier of fact never ruled on whether he possessed or distributed cocaine and heroin. Therefore, he was not susceptible to prosecution after acquittal or conviction or multiple punishments for the same offense. As stated by the United States Court of Appeals for the Seventh Circuit, "[y]ou can't have double jeopardy without former jeopardy." *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994). Since jeopardy never attached, Juncaj's sentence is valid.

Therefore, in accord with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the movant is not entitled to relief and IT IS ORDERED that defendant's motion be, and it is hereby, DENIED.