68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael MUSTREAD, Defendant-Appellant.
 No. 95-2178.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1995.*
Decided Oct. 10, 1995.
 
 Before ESCHBACH, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 We affirmed Michael Mustread's conviction and remanded for a single purpose: resentencing without an adjustment under U.S.S.G. Sec. 3B1.1(a). The district court resentenced Mustread, who now appeals to raise a completely different issue. He believes that his sentence violates the double jeopardy clause of the fifth amendment in light of a forfeiture proceeding. There are several obstacles to this claim, each sufficient to require its rejection.
 
 
 2
 First, our remand was limited, and the district court was compelled to follow the mandate. Sometimes we remand generally, but in this instance the remand was specific. The district judge properly followed our instructions. See United States v. Young, No. 95-1097 (7th Cir. Sept. 14, 1995), slip op. 8-10.
 
 
 3
 Second, Mustread has forfeited the double jeopardy issue. This argument could have been raised on the first appeal but was not; by failing to make the argument at the right time, Mustread has confined appellate review to plain error. See United States v. Penny, 60 F.3d 1257, 1261 (7th Cir.1995).
 
 
 4
 Third, Mustread has not established any constitutional problem, let alone one that constitutes plain error. The original trial in this case took place in 1992. The forfeiture occurred after the trial. If the forfeiture is a separate "jeopardy," it is the forfeiture, and not the imprisonment, that constitutes the second punishment. Yet Mustread did not appeal from the forfeiture.
 
 
 5
 Fourth, even the forfeiture does not appear to be problematic under the approach of United States v. Torres, 28 F.3d 1463 (7th Cir.1994), which held that an uncontested forfeiture does not place the claimant in "jeopardy" as the fifth amendment uses that term. See also Penny, 60 F.3d at 1261-62; United States v. Ruth, No. 95-1311 (7th Cir. Sept. 6, 1995). Mustread made a claim in the forfeiture in 1991 but thereafter ignored that proceeding; a default judgment was entered in 1993. As in Torres, Penny, and Ruth, he was not placed in "jeopardy" in the forfeiture proceeding and cannot complain about double jeopardy. Once again, therefore, we need not decide whether a particular forfeiture was sufficiently punitive that it could activate the rule against successive trials or punishments. We know that many civil proceedings do not count as jeopardy, even though a sufficiently punitive one can be. See United States v. Halper, 490 U.S. 435 (1989). The Supreme Court may consider this coming Term the application of that principle to forfeiture; for the moment, the question remains open in this circuit.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The court heard oral argument on May 10, 1994, and remanded for a limited purpose. This successive appeal has been assigned to the original panel, which is unanimously of the view that a second oral argument is not necessary