**UNITED STATES of America, Plaintiff,**

v.

**Glenn Frederick BARBER, Defendant.**

**Crim. A. No. 94–50007.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 17, 1995.

---

Saul A. Green, United States Attorney by Robert W. Haviland, Assistant U.S. Attorney, Flint, MI, for Plaintiff.

Juan A. Mateo, Detroit, MI, for Defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS CASE ON DOUBLE JEOPARDY GROUNDS

GADOLA, District Judge.

Defendant Barber is currently charged by way of indictment with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. Defendant now moves for dismissal, arguing that certain seizures and forfeitures of his property made by the Government constitute separate punishment for the acts with which he is currently charged, in violation of the Double Jeopardy Clause of the Fifth Amendment. For the reasons stated below, the court will deny the defendant's motion.

### I. Factual Background

Defendant has had property taken from him by the Government on several occasions. On June 12, 1992, Glen Barber was arrested at the El Paso International Airport. During the arrest, approximately $57,797.00 in cash was seized from the defendant. The money was forfeited as drug proceeds pursuant to an administrative proceeding. The defendant never filed a claim of ownership to the money.

On March 7, 1994, the defendant met with DEA Agent Jim Geary, who was acting undercover as a marijuana and money courier. The defendant delivered to Geary $39,100 in cash which the defendant allegedly owed to a co-conspirator, Ismael Navarette. Other DEA Agents delivered $34,100 to Navarette, retaining $5,000 as a commission. Nobody has filed a claim to this $5,000 and no judgment of forfeiture has been entered with respect to this money.

On March 16, 1994, professional recording equipment, custom made musical instruments, and other items were seized from the defendant's business. The defendant and his wife have filed claims for these items. The defendant and the Government have agreed that these items will be returned to the defendant. Thus, no judgment of forfeiture will be entered with respect to these items.

Also on March 16, 1994, defendant claims that $9,126 in cash, a Mercedes Benz, and a Buick were seized from his home. The Government asserts that it did not seize the Mercedes Benz or order the seizure of the Mercedes Benz.[1] The Government admits to seizing the Buick and the cash. The Buick has been forfeited to the Government pursuant to an administrative proceeding. Defendant never filed any claim to the Buick. In their briefs, the defendant and the Government disagreed over whether a claim was filed for the $9,126 in cash and whether the cash had been forfeited. At oral argument, however, the Government and the defendant agreed that defendant has filed a claim and that there has not yet been a forfeiture of this cash.

On July 21, 1995, defendant was charged by indictment with one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. Count Two of the indictment alleges that defendant's property at 785 East Glass Road is subject to forfeiture under 21 U.S.C. § 853.

### II. Analysis

"[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Ursery*, 59 F.3d 568, 571 (6th Cir.1995) (quoting *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989)). The defendant claims that the forfeitures that took place prior to the filing of the indictment constitute multiple "punishments" for the same offense. In determining

---

**1.** At oral argument, the defendant conceded that the federal government had not seized the Mercedes. The Mercedes apparently had been seized by the State of Michigan. This seizure, being made by a sovereign other than the United States, has no effect on these proceedings.

if a prior civil forfeiture implicates double jeopardy, there are three key determinations: "(1) whether the civil forfeiture constitutes *"punishment"* for double jeopardy purposes; (2) whether the civil forfeiture and criminal conviction are punishment for *the same offense;* and (3) whether the civil forfeiture and criminal prosecution are *separate proceedings." Ursery,* 59 F.3d at 568. The last two determinations are not in issue in the present case. There is a question, however, of whether any of the prior proceedings constitute "punishment" implicating double jeopardy. In order for a previous forfeiture proceeding to constitute "punishment," the defendant must have been a party to the proceeding, *United States v. Torres,* 28 F.3d 1463 (7th Cir.1994), jeopardy must have attached to the proceeding, *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975), and the forfeiture must not have been solely remedial in nature,[2] *Austin v. United States,* — U.S. —, —, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993).

■ First, in order for a forfeiture to be a punishment against a defendant, the defendant must be a party to the forfeiture action. *United States v. Torres,* 28 F.3d 1463 (7th Cir.1994); *United States v. Cretacci,* 62 F.3d 307, 310 (9th Cir.1995). "As a non-party, [the defendant] is not at risk in the forfeiture proceeding, and 'without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution violates double jeopardy.'" *Torres,* 28 F.3d at 1465 (quoting *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265 (1975)). The defendant argues that such a holding violates his rights against self-incrimination because it forces a defendant to incriminate himself in order to avail himself of the protections of the Double Jeopardy Clause. This position was expressly rejected in *Cretacci:*

[W]e reject the argument that by requiring a defendant to claim his property we force him to sacrifice his right against self-incrimination in order to preserve his right against Double Jeopardy. At some point, a defendant who seeks to prove that a prior forfeiture "punished" him would have to claim that he owned the forfeited property. The effect of our rule is only to require that such a claim be asserted in the civil forfeiture proceeding itself and not simply in the motion to dismiss the criminal indictment.

*Cretacci,* 62 F.3d at 311. The court further stated that there was no risk of self-incrimination because the defendant's claim of ownership at the civil forfeiture proceeding could not be used to prove the defendant's guilt at trial. *Id.* (citing *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)).[3]

■ Accordingly, the forfeiture of the $57,797 in cash on June 12, 1992, and the Buick on March 16, 1994 cannot constitute punishment under the Double Jeopardy Clause because the defendant was not a party to those forfeiture proceedings.

■ Second, in order for the previous forfeitures to constitute "punishment," jeopardy must attach to the civil forfeiture proceedings. Clearly, there cannot be double jeopardy without former jeopardy. *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975). Once a claim is filed for seized property, judicial forfeiture proceedings are initiated. 19 U.S.C. §§ 1603(b), 1608; 21 C.F.R. §§ 1316.76, 1316.78 (1994). If there is a jury trial, jeopardy attaches once the jury is sworn. *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978). If there is a bench trial, jeopardy attaches once "the court begins to hear evidence." *Serfass,* 420 U.S. at 388, 95 S.Ct. at 1062. If there is a consent judgment pursuant to a settlement agreement, jeopardy attaches when "the

---

**2.** Because none of the prior forfeitures or seizures by the government meet the first two requirements, it is unnecessary to address whether any prior forfeitures were for remedial or retributive purposes.

**3.** It should be noted that the case cited by the defendant in support of his self-incrimination argument, *United States v. Plunk,* an unpublished federal district court case from the District of Alaska, was reversed in light of *Cretacci* on October 17, 1995. *United States v. Plunk,* 68 F.3d 482, 1995 U.S.App. LEXIS 30987.

court accepts the stipulation of forfeiture and enters the judgment." *United States v. Ursery,* 59 F.3d 568, 572 (6th Cir.1995). Thus, the seizure of the $5,000 on March 7, 1994, and the recording equipment, musical instruments, and $9,126 on March 16, 1994 cannot constitute "punishment" under the Double Jeopardy Clause because jeopardy has not attached to any forfeiture proceedings involving these items. No trial has been commenced with respect to these items and no judgment of forfeiture has been entered with respect to these items.

In sum, none of the forfeitures complained of by the defendant constitute "punishment" under the Double Jeopardy Clause. This criminal prosecution, therefore, cannot be subjecting the defendant to multiple punishments for the same crime.

### *ORDER*

Therefore, it is hereby **ORDERED** that defendant's Motion to Dismiss Case on Double Jeopardy Grounds be **DENIED.**

**SO ORDERED.**