79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael G. WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2288.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 27, 1996.
Decided March 11, 1996.
Rehearing Denied April 3, 1996.
 
 Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 On December 20, 1990, Michael Williams was indicted on charges of participating in a drug conspiracy and carrying a firearm during a drug crime. 21 U.S.C. § 846; 18 U.S.C. § 924(c). The indictment charged a conspiracy between July 1990 and October 26, 1990, to distribute 150 pounds of marijuana. When Williams and his coconspirators were arrested, police confiscated $98,000 which the conspirators had intended to use for the purchase of the grass.
 
 
 2
 A superseding indictment filed on January 29, 1992, additionally charged Williams with being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Meanwhile, on January 24, 1992, pursuant to a civil complaint filed under 21 U.S.C. § 881(a)(6) (providing for the forfeiture of property purchased with the proceeds of drug trafficking), United States marshals, with Williams watching, seized real property located at 225 Standish Street in Elgin, Illinois, a 1969 Chevrolet Corvette, and a 1985 Cadillac Coupe.
 
 
 3
 The marshals served Williams with a copy of the forfeiture complaint and on February 7 published public notice of the seizure, stating that claims must be filed within ten days of publication. No claims were filed before the deadline. Attorney Rick Halprin filed an appearance on February 28 on behalf of the property, but at the first status hearing on March 3 no one appeared on behalf of the property and the district court granted the government's motion for a default judgment. Halprin subsequently filed a motion to vacate the default order on behalf of Williams, his mother, and his son. Williams' mother filed a claim upon the real property and the Corvette, and the son filed a claim on the Cadillac. The district court denied the motion to vacate the default judgment, and the property was forfeited to the United States on May 20, 1992.
 
 
 4
 The day before the decree of forfeiture was entered, Williams pled guilty to being a felon in possession of a firearm and went to trial on the remaining charges. He was found guilty of all counts and sentenced to 46 months imprisonment for the drug conspiracy and being a felon in possession of a firearm and 60 months for possession of a firearm while trafficking in drugs. We affirmed the district court's refusal to vacate the default order in the forfeiture proceeding, United States v. 225 Standish Street, No. 92-2358 (7th Cir. May 13, 1993) (unpublished order), and affirmed Williams' conviction in his criminal case, United States v. Williams, 31 F.3d 522 (7th Cir.1994).
 
 
 5
 After we denied Williams' direct appeal, he got busy on another front by filing a petition under 28 U.S.C. § 2255. In the petition he sought to set aside his 46-month sentence on double jeopardy grounds. The petition was denied in the district court and this appeal followed. "When reviewing a district court's decision to grant or deny a federal prisoner's section 2255 petition, we consider all questions of law de novo. However, we review all factual determinations for clear error." Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994).
 
 
 6
 Williams contends that he suffered multiple punishments for the same offense in violation of the Double Jeopardy Clause because he has both been sentenced to prison and forfeited real and personal property. The Double Jeopardy Clause protects a criminal defendant against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, or the imposition of multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). Civil forfeitures may constitute a punishment for purposes of double jeopardy, id. at 448, and parallel civil and criminal proceedings for the same offense may constitute multiple punishments, see Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994).
 
 
 7
 Jeopardy must attach, however, before a defendant can claim double jeopardy. United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994). In Torres, we held that a defendant who did not contest a forfeiture could not claim double jeopardy because he was a party to only one proceeding. Id. The bulk of Williams' arguments on appeal are directed against Torres, despite the fact that in its order the district court did not address the government's argument invoking Torres and instead relied on two other grounds to deny Williams' petition. Williams argues that he was acknowledged as the owner of the forfeited property in the forfeiture complaint, and thus the government is estopped from denying that he owned the forfeited property. In the alternative, Williams contends that he fulfilled Torres 's requirement of contesting the forfeiture proceeding because attorney Halprin sought to set aside the default judgment entered after no one appeared on behalf of the property.
 
 
 8
 Under Torres and more recent circuit precedent, because Williams did not appear in the forfeiture proceeding, he cannot prevail on his double jeopardy claim, a result unaffected by either his claim of ownership or his untimely attempt to vacate the default judgment. In United States v. Ruth, 65 F.3d 599 (7th Cir.1995), cert. denied, --- S.Ct. ----, 1995 WL 686120 (U.S. Feb. 20, 1996), the defendant unsuccessfully attempted to contest a civil forfeiture but was barred by untimeliness from becoming a party to the action. We held that Ruth had not suffered double jeopardy: "Although in reality Ruth may have suffered two harms--the loss of his property in the forfeiture and the separate threat of loss of liberty from the criminal case--he cannot have been subjected to double jeopardy because he was only a party in a single case (the criminal case)." (Emphasis in original.) Id. at 604. See also United States v. Penny, 60 F.3d 1257, 1262 (7th Cir.1995) ("It is irrelevant that Mr. Penny believes the forfeiture action was directed toward him; he failed to assert an interest in the property at the forfeiture proceeding and therefore cannot invoke the protections of the Fifth Amendment Double Jeopardy Clause"), petition for cert. filed, 64 U.S.L.W. ---- (U.S. Oct. 24, 1995) (No. 95-6698). Also see Smith v. United States, --- F.3d ----, which we decided on February 21, 1996. Here, Williams failed to file a claim within the mandated period, or even after his attorney moved to vacate the default judgment (although his mother and son did file claims). Cf. United States v. Vega, 72 F.3d 507, 514 (7th Cir.1995) ("Petition for Remission and Mitigation" insufficient to contest forfeiture proceeding; defendant required to file a "claim"). Williams was not a party to the action and thus was not placed in jeopardy in the proceeding.
 
 
 9
 Further, the district court relied on grounds other than Torres to deny Williams' petition, grounds which Williams fails to rebut. The district court found that Williams did not suffer two penalties for the same offense, but for two offenses, and that the action which Williams contests, the criminal conviction, occurred before the forfeiture and consequently did not subject him to double jeopardy.
 
 
 10
 The district court concluded that Williams (had he been a party to both actions) would have been punished not for one offense, but for two different offenses. Although the Double Jeopardy Clause protects defendants from multiple punishments for the same offense, Halper, 490 U.S. at 440, the prohibition applies only where the two offenses for which the defendant is punished cannot survive the "same-elements" test. United States v. Dixon, 113 S.Ct. 2849, 2856 (1993). This test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." Id. Williams was criminally punished for a conspiracy to distribute a narcotic substance in violation of 21 U.S.C. § 846, which requires proof of a conspiracy in which the defendant knowingly agreed to participate. See United States v. Monroe, 73 F.3d 129, 131 (7th Cir.1995). The civil forfeiture, however, was under 21 U.S.C. § 881(a)(6), in which the government must show that there is probable cause to believe the property is traceable to drug proceeds. See United States v. All Assets and Equipment of West Side Building Corp., 58 F.3d 1181, 1188-89 (7th Cir.1995). Thus, the element of agreement was essential to the criminal prosecution but unnecessary to the civil proceeding, while the element of profit from drug dealing was essential in the civil proceeding but unnecessary for the criminal conviction. Because the statutes involved in the criminal and civil proceedings required different elements, they do not constitute the same offense and thus cannot invoke double jeopardy. See Jacobs v. Marathon County, 73 F.3d 164 (7th Cir.1996). Further, the Double Jeopardy Clause is not violated when a defendant has not been punished previously for the same conduct. Halper, 490 U.S. at 450. Williams' conduct differed in the offenses involved in each proceeding: the criminal proceeding focused on a particular conspiracy evidenced by an attempt to buy marijuana, while the civil proceeding addressed Williams' use of profits gained by other drug dealing endeavors.
 
 
 11
 Even if Williams had suffered two penalties for the same offense, he attacks the wrong sanction. Jeopardy in his criminal trial attached on May 19, 1992, when the jury was impaneled and sworn. Kennedy v. Washington, 986 F.2d 1129, 1131 (7th Cir.1993); Crist v. Bretz, 437 U.S. 28, 38 (1978). Jeopardy in the civil proceeding would have attached no earlier than May 20, 1995, when the district court entered the order of forfeiture without holding a hearing. Cf. Vega, 72 F.3d at 514 ("Where the civil forfeiture settles without a hearing, it follows that jeopardy does not attach until the district court accepts the settlement"); cf. Torres, 28 F.3d at 1465 (jeopardy attaches at the beginning of the hearing when evidence is first presented to the trier of fact). Consequently, if Williams had suffered a double jeopardy, it would have occurred at the time of the second proceeding, the civil forfeiture. Williams' reliance upon either the date of sentencing or the date the property was seized to establish that the criminal punishment followed the civil forfeiture is meritless. For these reasons, the judgment of the district court dismissing the § 2255 petition is AFFIRMED.