83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randall SORRELLS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4069.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1996.*
Decided April 22, 1996.
 
 Before POSNER, Chief Judge, and FLAUM, and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Randall Sorrells is in prison following his conviction for conspiring to distribute marijuana. We affirmed that conviction on direct appeal but remanded for resentencing. United States v. Brown, 944 F.2d 1377, 1384-86 (7th Cir.1991). Sorrells did not protest his new sentence, but now appeals from an order denying his petition for collateral relief under 28 U.S.C. § 2255.
 
 
 2
 1. Sorrells' principal argument is that his conviction violates the double jeopardy clause of the fifth amendment, because a separate forfeiture proceeding cost him his interest in some real property. Whether a civil forfeiture counts as a separate jeopardy is a question now before the Supreme Court. See United States v. Ursery, No. 95-345 (argued Apr. 17, 1996). As we have done since United States v. Torres, 28 F.3d 1463 (7th Cir.1994), we assume that the answer is "yes"; but as in other cases this circuit has decided since Torres, that answer does not matter. There are two reasons, one procedural and one substantive.
 
 
 3
 First, Sorrells did not present this argument on direct appeal and therefore forfeited whatever arguments he has. Sorrells responds that decisions of the Supreme Court after the direct appeal provide the foundation for his current argument. Developments in the law may show "cause" for delay in presentation, see Reed v. Ross, 468 U.S. 1 (1984), but this kind of "cause" no longer justifies collateral review. After Teague v. Lane, 489 U.S. 288 (1989), most changes of law after the conclusion of the direct appeal do not apply on collateral attack. So if the foundation for a double-jeopardy claim existed in 1991, Sorrells' failure to make the argument forfeits it; and if the foundation did not exist in 1991, Teague blocks it. "Any claim sufficiently novel that it was unavailable during the [prior] proceedings must be a 'new rule' under Teague." Gacy v. Welborn, 994 F.2d 305, 311 (7th Cir.1993), citing Prihoda v. McCaughtry, 910 F.2d 1379, 1385-86 (7th Cir.1990).
 
 
 4
 Second, Sorrells had no claim to begin with. The conspiracy conviction was entered, and sentenced was imposed, before the forfeiture. Jeopardy does not attach in a forfeiture proceeding until evidence is taken (or, in a case such as this, until judgment is entered, for a settlement made evidence unnecessary). United States v. Vega, 72 F.3d 507, 514 (7th Cir.1995). The double jeopardy clause forbids a second jeopardy, but the existence of a second jeopardy does not retroactively vitiate the first judgment. Any constitutional problem lies in the forfeiture, not in the criminal conviction. What is more, Sorrells did not present a claim to the property in the forfeiture proceeding. He argued, instead, that his wife owned the entire parcel. Accordingly, the forfeiture cannot have imposed a penalty on him; the loss fell entirely on his wife.
 
 
 5
 2. Sorrells believes that Darwin Scheckel lied on the witness stand. Of course, mere lies do not call for relief under § 2255. Many a verdict or sentence depends on the testimony of unreliable witnesses, and some of what they say may be false. The Constitution assures not truth, but the means to separate truth from falsehood--principally the right to confront and cross-examine the adverse witness. Sorrells had, and used, those rights. He argued on appeal that Scheckel was a liar, but we held that the district judge did not err in accepting some of what Scheckel said, while discounting the rest. 944 F.2d at 1385. (Scheckel testified that he distributed approximately 1400 pounds of marijuana to Sorrells; the judge cut this number to 408 pounds.)
 
 
 6
 Trying to sidestep this decision, Sorrells now argues that the prosecutor withheld favorable information (the truth about Scheckel's supposed lies) and suborned Scheckel's perjury, in violation of the fifth amendment. See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). These lines of argument seem to be little but a repackaging of contentions already considered and rejected. To the extent they are independent claims, they fail for want of evidentiary support. Sorrells offers no reason (other than his own say-so) to believe that the prosecutor had but failed to disclose evidence suggesting that Scheckel was lying; and if the prosecutor lacked such evidence, there is also no reason to believe that the prosecutor knew that Scheckel committed perjury.
 
 
 7
 3. Finally, Sorrells maintains that the district court misapplied the Sentencing Guidelines. Some of his arguments were raised and rejected on direct appeal (or are small variations of those raised and rejected). Those not raised have been forfeited. Section 2255 does not authorize collateral review based on arguments that the Sentencing Guidelines were not correctly applied. Scott v. United States, 997 F.2d 340 (7th Cir.1993).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This case has been assigned to the panel that heard the direct appeal from the criminal conviction, and the panel has concluded that oral argument would not be helpful