## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### MAY 1996 SESSION



**FILED**

**August 2, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9601-CC-00016 |
| Appellant, | ) |
| | ) McNairy County |
| V. | ) |
| | ) Honorable Joseph H. Walker, III, Judge |
| | ) |
| **GRAPLE SIMPSON,** | ) (State Appeal - Dismissal of Indictment) |
| | ) |
| Appellee. | ) |

FOR THE APPELLEE:

Lloyd R. Tatum
Attorney at Law
124 East Main Street
P.O. Box 293
Henderson, TN 38340

FOR THE APPELLANT:

Charles W. Burson
Attorney General & Reporter

William David Bridgers
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General

Ed Neal McDaniel
Asst. Dist. Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**REVERSED AND REMANDED; INDICTMENT REINSTATED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellee, Graple Simpson, was indicted for possession of a schedule II narcotic with the intent to sell. Following a summary administrative forfeiture, the appellee moved the trial court to dismiss the criminal charge. She argued that the double jeopardy clause prohibited further criminal prosecution. The trial judge granted the appellee's motion and the state appealed. We reverse and remand.

## FACTS

The appellee's home was searched pursuant to a warrant. The police confiscated ten Dilaudid pills and $ 124.50. The seized money was stored in a jar and consisted mainly of coins. The appellee was served with a notice of seizure on April 3, 1995. The notice advised that she had 30 days within which to file a claim if she intended to contest forfeiture of the money. The appellee, however, chose not to file a claim. The property was subjected to administrative forfeiture by the state on July 12, 1995.

On May 15, 1995, the grand jury returned a true bill of indictment against the appellee for possession of Dilaudid with intent to deliver. The appellee moved to dismiss the criminal indictment arguing that further criminal prosecution would violate the principles of double jeopardy. The trial court found that the appellee had previously been punished by the forfeiture. The court dismissed the indictment as constituting multiple punishments for the same offense.

## ANALYSIS AND HOLDING

The appellee concedes that she was provided notice of the forfeiture proceedings. She, however, elected to neither file a claim nor enter an appearance to contest the forfeiture. Accordingly, we must decide whether a non-trial administrative forfeiture constitutes punishment which would operate to bar subsequent criminal sanctions.

A party asserting double jeopardy *must* have been a party to a prior proceeding. United States v. Schinnell, 80 F.3d 1064, 1068 (5th Cir. 1996); United States v. Torres, 28 F.3d 1463, 1465 (7th Cir. 1994). To attain party status in a civil forfeiture, one must, at the very least, file a claim in response to the notice of seizure. See United States v. Walsh, 873 F.Supp. 334, 336-37 (D. Ariz. 1994) (citing Torres for proposition that jeopardy did not attach to forfeiture proceeding where defendant did not make any claim in civil forfeiture proceeding).

The appellee elected not to file a claim. Having made this election, she was neither a party to nor was punished by the non-trial forfeiture.[1] Albeit a legal fiction, unclaimed property is technically abandoned or unowned. Forfeiture of unowned or abandoned property punishes no one. United States v. Schinnell, 80 F.3d 1064, 1068 (5th Cir. 1996). Jeopardy cannot attach in the absence of either a party or a punishment. The trial court's order dismissing the appellant's case is, therefore, reversed. The indictment is reinstated and the case will be set on the active docket for disposition.

---

[1]This is not to say that had the appellee filed a proper claim, the state would have been barred from bringing subsequent criminal prosecution. See United States v. Ursery, 64 U.S.L.W. 4565 (1996) (holding in rem civil forfeitures not punishment for purposes of double jeopardy). We merely hold that in the absence of standing, we do not reach the substantive issue.

                                    PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge


_____
PAUL R. SUMMERS, Special Judge