114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John K. LANTER, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 95-3406.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1997.
Decided May 23, 1997.[1]
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 John K. Lanter appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2] The principal issue he raises is whether his drug-related convictions should be vacated on double jeopardy grounds, arguing that the forfeiture of property[3] pursuant to 21 U.S.C. §§ 841(a)(6), (a)(7), and the conviction constituted double punishments for the same crime.
 
 
 2
 Lanter could have raised the double jeopardy issue at sentencing (or at trial as to the one forfeiture which had already occurred),[4] or in his direct criminal appeal, and failure to do so without even attempting to show cause or prejudice precludes him from raising the issue in a collateral attack on the conviction. See United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 3
 Regardless, even if Lanter could raise the issue at this point, he would fail. The Supreme Court has held that forfeitures pursuant to 21 U.S.C. § 881 are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2149 (1996).
 
 
 4
 In addition, no jeopardy could have attached where Lanter did not file a claim or otherwise make himself a party to the forfeiture proceedings. United States v. Evans, 92 F.3d 540, 542 (7th Cir.1996) ("claim was frivolous from the start because while there was a seizure, ripening into an administrative forfeiture, there was no judicial forfeiture"; a judicial forfeiture occurs only when the person "takes the proper steps to get [his property] returned yet fails, so that he loses the property as the result of a judgment"; when the person fails to take such steps, "no judgment is entered (so no jeopardy attaches) and the property is treated as abandoned"); United States v. Senn, 102 F.3d 327, 333 & n. 8 (7th Cir.1996) ("jeopardy attaches only to those individuals who file claims to the property in question and thus are parties to the forfeiture proceedings"; thus, defendant's sentencing did not violate the Double Jeopardy Clause); United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.1994) (if no claim is filed in civil forfeiture proceeding, defendant "did not become a party to the forfeiture," and therefore "jeopardy did not attach" in that proceeding).
 
 
 5
 Finally, Lanter attempts to raise an 8th Amendment claim, arguing that being punished twice--once as a result of the conviction, and once in the forfeiture proceedings--constitutes cruel and unusual punishment. This argument is not persuasive, however, since the Supreme Court held in Ursery that administrative forfeitures are not punishment. 116 S.Ct. at 2249.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 A jury found Lanter guilty of conspiracy to distribute and possession with intent to distribute cocaine, and using or carrying a firearm during and in relation to a drug-trafficking offense, and being a felon in possession of a firearm. His convictions and sentences were upheld on appeal. United States v. Carson, 9 F.3d 576 (7th Cir.1993). We also affirmed the denial of Lanter's motion for a new trial under Fed.R.Crim.P. 33. United States v. Flaugher, Nos. 95-1084, 95-1126, 95-1127 (7th Cir. Aug. 2, 1995) (unpublished decision)
 
 
 [3]
 The forfeited property included cash, farm property, a Mercedes Benz, and a fishing boat, all of which were seized as having been acquired from drug proceeds
 
 
 [4]
 Lanter was arrested on November 30, 1990. On April 3, 1991, the DEA processed an administrative forfeiture of cash owned by Lanter. On July 11, 1991, a jury found Lanter guilty. On October 10, and October 17, 1994, three additional forfeiture actions were completed. On October 24, 1991, Lanter was sentenced