124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL ESTATE LOCATED AT RURAL ROUTE 9, LaHARPE,
ILLINOIS AND ALL APPURTENANCES AND IMPROVEMENTS
THEREON, et al., Defendant.
Appeal of Robert Lynn Jones, Claimant-Appellant.
 No. 95-3914.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997.
 
 1
 Appeal from the United States District Court for the Central District of Illinois
 
 ORDER
 
 2
 McDade,
 
 
 3
 In 1991, Robert Jones was charged with conspiracy to distribute marijuana, distribution of marijuana, conspiracy to distribute cocaine, distribution of cocaine, and money laundering. In two separate trials in 1992 and 1993, Jones was convicted on all counts and was sentenced to 240 months in prison. His convictions and sentence were affirmed by this court. United States v. Adames, 56 F.3d 737 (7th Cir.1995). In October 1992 the government filed a civil forfeiture complaint in rem against Jones under 21 U.S.C. § 881(a)(6) and § 881(a)(7), seeking the forfeiture of certain real and personal property which allegedly had been used to facilitate drug transactions or was traceable to the proceeds of the drug transactions. Jones filed a claim to the property and an answer to the complaint. An amended complaint was filed in September 1993 naming additional properties. Jones responded by filing another answer and a claim. Each side filed cross-motions for summary judgment in March and April 1995. Although granted leave by the district court to file a response to the government's motion for summary judgment, Jones failed to do so. However, approximately three months later in July 1995 Jones sought leave to supplement his memorandum of law in support of his motion for summary judgment; the district court denied this request.
 
 
 4
 In September 1995 the district court granted Jones' motion for summary judgment on Count One of the amended complaint, stating that the forfeiture of the real property would be a "multiple punishment" for the same act; thus, the district court concluded that the forfeiture was barred by the Double Jeopardy Clause of the Fifth Amendment. Because the personal property (Counts Three to Eleven) had been obtained with the proceeds of drug transactions, the district court concluded that forfeiture of these items would be remedial and not punishment; thus double jeopardy did not bar their forfeiture. Jones filed two motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or for relief from judgment pursuant to Rule 60(a). The first motion was denied. The second motion was granted in part to change language in the court's October 10, 1995, memorandum of decision regarding Jones' counsel's conduct.
 
 
 5
 Jones first argues that the district court erred in concluding that the forfeiture of the personal property in Counts Three through Eleven did not constitute double jeopardy and thus improperly granted summary judgment on behalf of the government with respect to those counts. Jones asserts that he was subject to double punishment for the same criminal acts because he already was convicted and sentenced to twenty years in prison for violations of 21 U.S.C. § 841 and § 846. He further contests the district court's distinction that forfeiture of the personal property was proper because it was property obtained from the proceeds of illegal activity while forfeiture of the real property was improper because it was lawfully purchased although used in the furtherance of the criminal activity. Jones' arguments are foreclosed by the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135 (1996), which held that forfeitures are neither "punishment" nor criminal for purposes of the Double Jeopardy Clause. Id. at 2149. Jones' assertion that the district court erred in concluding thm he had not suffered a prior jeopardy by the forfeiture to the government of § 11,410 after he had made administrative and judicial claims fails for the same reason.[1]
 
 
 6
 In a supplemental brief on appeal,[2] Jones argues that the forfeiture of the real property was improper because he was not given notice of the seizure as required under United States v. James Daniel Good Property, 510 U.S. 43 (1993).[3] In James Daniel Good, the Supreme Court held that in the absence of exigent circumstances, due process requires the government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture. Id. at 62. Jones argues that he filed a post-judgment motion seeking consideration of the due process claim under James Daniel Good. As pointed out by the government, Jones' post-judgment motions did not include any due process arguments. However, Jones had sought to supplement his memorandum of law in support of his motion for summary judgment almost three months after the briefing deadline in order to add the due process argument. The district court denied the motion as untimely. The government has interpreted Jones' argument in his supplemental brief as arguing that the district court erred in not permitting him to file his supplement to his motion for summary judgment.
 
 
 7
 The government asserts that the district court did not abuse its discretion in denying the motion to supplement because Jones offered no explanation for his failure to raise the argument in his original motion and the government was prejudiced by the failure to raise it earlier. Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1257 (7th Cir.1993) (concluding that district court's denial of respondent's motion to file supplement to motion for summary judgment raising new defenses was not an abuse of discretion). In contrast, Jones asserts that the district court should have permitted him to include his due process claim. In support of his argument, Jones cites United States v. All Assets and Equipment of West Side Bldg, Corp., 58 F.3d 1181, 1191 (7th Cir.1995), in which this court held that the district court's failure to address the James Daniel Good argument in a claimant's motion to reconsider constituted an abuse of discretion. This court concluded that the preferable approach was to remand for a hearing as to whether exigent circumstances existed to justify the seizure without an adversary hearing and if not, for a determination of the damages suffered by the claimant as a result of the deprivation of their real property. Id. at 1191-93 (citing United States v. Real Property Known and Numbered as 429 South Main Street 52 F.3d 1416 (6th Cir.1995)).
 
 
 8
 These cases, however are distinguishable from the situation in the instant case. In both West Side Bld. and 429 South Main Street, the James Daniel Good decision was issued later in the litigation, after the final judgment in each case; thus the claimants were less likely to have raised the issue at an earlier point in the proceedings because James Daniel Good had not yet been decided. Here, however, although the due process argument based on James Daniel Good was available to Jones at the time he filed his motion for summary judgment, he failed to include it. The district court's denial of the motion to supplement as untimely was not an abuse of discretion. Lac Du Flambeau, 991 F.2d at 1257 ("a decision to disregard all materials submitted after a reasonable filing decline is certainly not an abuse of discretion because it allows the district court to preserve the moving party's right to respond to the resisting party's argument and to decide the summary judgment motion in a timely fashion.") (internal quotation omitted).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 In any event, jeopardy did not attach to the default judgment on the $11,410.00 forfeiture because Jones did not file a claim with the court. United States v. Torre, 28 F.3d 1463, 1465-66 (7th Cir.1994)
 
 
 [2]
 Jones' opening brief was filed by counsel; however, the supplemental brief and Jones' reply brief were filed pro se
 
 
 [3]
 Because the district court granted summary judgment in favor of Jones with respect to the real property, it appears that Jones is seeking damages with respect to the alleged improper forfeiture