**Richard R. GAINER, Defendant,**

v.

**UNITED STATES of America, Plaintiff.**

**Nos. 95–3088–DES, 90–40016–DES.**

United States District Court,
D. Kansas.

Nov. 8, 1995.

Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 90). On May 24, 1995, the court appointed the Office of the Federal Public Defender to represent defendant in this matter (Doc. 99).

The parties, after some delay to secure documentation, have filed opposing responses and replies. The court has reviewed the record, the pleadings submitted by the parties, the relevant law and is now prepared to rule.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Richard Gainer was arrested on June 4, 1990, and was subsequently indicted on a five count indictment. On August 3, 1990, defendant pled guilty to count one of the indictment, conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), 812. On October 17, 1990, defendant was sentenced to 168 months in prison and a term of 5 years supervised release. Following a grant by this court of his motion to vacate, set aside or correct sentence, Mr. Gainer was subsequently resentenced to 60 months imprisonment and 5 years supervised release.

At the time defendant was arrested, the Drug Enforcement Agency ("D.E.A.") seized $85,310 in cash, a 1973 Chevrolet van and a 1976 Ford truck. Defendant was listed as the owner of the cash and the truck. Defendant's father was listed as the owner of the van. On July 23, 1990, the D.E.A. filed Case No. IL90X054. Seizure notices were sent to defendant's home address. All the items of property were advertised in the *USA Today*. On September 5, 1990, the truck, the van and the cash were administratively forfeited to the United States government under 19 U.S.C. § 1609.

Mr. Gainer filed this pro se petition pursuant to § 2255 on March 1, 1995.

## II. ISSUE

Mr. Gainer raises only one viable issue in his petition.

Does an administrative forfeiture of defendant's property, which defendant did not contest, constitute former jeopardy thereby making a subsequent criminal prosecution

Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for Richard R. Gainer and Richard R. Gainer, Shawnee, KS, pro se.

Richard L. Hathaway, Office of United States Attorney, Topeka, KS, for the U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's pro se Motion to Vacate, Set Aside or

and conviction, based on the same events, a violation of the double jeopardy protections of the Fifth Amendment?

### III. *DISCUSSION*

■ The Double Jeopardy Clause of the Fifth Amendment provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. In addition, the Fifth Amendment's guarantee against double jeopardy also "protects against multiple punishments for the same offense." *Mansfield v. Champion*, 992 F.2d 1098, 1100 (10th Cir. 1993). The Double Jeopardy Clause applies to punitive sanctions in three distinct cases: "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 448–49, 109 S.Ct. 1892, 1897, 1901–02, 104 L.Ed.2d 487 (1989).

■ The Supreme Court in *Halper* held that a defendant who had already been punished in a criminal prosecution may not be subjected to an additional civil sanction which has as its purpose retribution or deterrence. *Id.* at 448–449, 109 S.Ct. at 1901–02. *Halper* is clear that civil sanctions subsequent to a punishment from a criminal prosecution cannot pass Constitutional muster. A criminal punishment subsequent to a civil sanction has also been found to be violative of the constitutional prohibition against double jeopardy. See *United States v. Ursery*, 59 F.3d 568, 576 (6th Cir.1995) (reversing criminal conviction on double jeopardy grounds because defendant had already been punished by civil forfeiture proceedings). As Justice Scalia noted in his dissent in *Department of Revenue of Montana v. Kurth Ranch*, ── U.S. ──, ──, 114 S.Ct. 1937, 1959, 128 L.Ed.2d 767 (1994), "if there is a constitutional prohibition on multiple punishments, the order of punishment cannot possibly make any difference."

■ Where the courts appear to be split on this rather vexing double jeopardy issue is whether an uncontested administrative forfeiture proceeding even falls within the constitutional proscriptions against double jeopardy thereby making a subsequent criminal prosecution and punishment a violation of the Fifth Amendment. This is the case presently before the court.

Mr. Gainer's odyssey took the following course:

1. On June 4, 1990, Mr. Gainer was arrested. Seized from his person was $85,310 in cash, a 1973 Chevrolet van and a 1976 Ford truck. Defendant was listed as the titled owner of the truck and the cash. Defendant's father was listed as the owner of the van.

2. On June 6, 1990, Mr. Gainer was indicted by a grand jury on five counts of drug violations.

3. On July 23, 1990, The D.E.A. filed Case No. IL90X054 and seizure notices were sent to Mr. Gainer.

4. On August 13, 1990, Mr. Gainer entered a plea of guilty to one count of the indictment.

5. On September 5, 1990, the truck, van and cash were administratively forfeited under 19 U.S.C. § 1609.

6. On October 17, 1990, Mr. Gainer was sentenced to 168 months in prison and 5 years of supervised release.[1]

It is clear from this recitation of the events that Mr. Gainer was subject to two separate proceedings based on the same actions and that he was indeed punished with forfeiture of his property and imprisonment.[2] The lone remaining question is whether Mr. Gainer was indeed subject to multiple punishments because he did not become a party to the civil action by contesting the administrative forfeiture.

Of those courts which have addressed the issue that contesting the forfeiture is a condi-

---

1. Mr. Gainer subsequently filed his first petition pursuant to 28 U.S.C. § 2255 challenging the correctness of his sentence. This court granted Mr. Gainer's petition finding that he had been erroneously classified as a career criminal. Mr. Gainer was resentenced to a term of 60 months.

2. Any argument that the property was not Mr. Gainer's is silenced by the fact that the truck was titled to him.

tion precedent to raising a double jeopardy claim, the majority has held that jeopardy does not attach where the defendant does not become a party to the civil forfeiture proceeding. *See United States v. Cretacci*, 62 F.3d 307 (9th Cir.1995) (criminal prosecution following an uncontested administrative forfeiture does not violate the Double Jeopardy Clause); *United States v. Torres*, 28 F.3d 1463 (7th Cir.) *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994) (defendant cannot be placed in jeopardy if he has not appeared as a party in a proceeding; there having been no prior jeopardy, double jeopardy cannot apply). *But see United States v. Brophil*, 899 F.Supp. 1257 (D.Vt. 1995). (Civil forfeiture proceedings can place an individual in jeopardy even if the individual does not contest the proceeding).

The *Torres* case appears to be the most widely cited and followed case in this emerging area of law of the civil forfeiture and criminal prosecution. The Third and Ninth Circuits have relied on *Torres* on their way to holding that unless a defendant contests the civil forfeiture proceedings by becoming a party to the action, he has not placed himself in jeopardy for double jeopardy analytical purposes. *See United States v. Baird*, 63 F.3d 1213 (3d Cir.1995); *Cretacci*, 62 F.3d 307, 309 (9th Cir.1995).

The district court in *Brophil*, however, held that failure to appear at a civil forfeiture proceeding does not preclude an individual from raising a double jeopardy claim in a subsequent criminal prosecution. Specifically, the court found that the *Torres* court had relied on *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) to support its conclusion that a defendant is not placed in jeopardy if he fails to appear as a party at a civil forfeiture proceeding. *Serfass*, was not a multiple punishment case as was *Torres*, but rather a successive prosecution case. *Brophil*, 899 F.Supp. at 1260–62. Discussing the differences between multiple punishment and successive prosecution cases, the *Brophil* court concluded that *Serfass* and, by extension *Torres*, could not be applied to multiple punishment cases. However, the holdings of *Halper* and *Kurth Ranch*, multiple prosecution cases, are applicable.

Using this reasoning, the *Brophil* court found *Kurth Ranch* correctly states the multiple punishment position by examining the character of the act that is the punishment rather than examining the nature of the proceeding or the defendant's appearance at the proceeding. *Id.* at 1264. "It is clear under *Kurth Ranch* that a civil proceeding to collect a monetary penalty for a crime and a separate criminal prosecution for the same crime constitute separate proceedings for purposes of the Double Jeopardy Clause." *Id.* at 1265.

The court in *Ursery* came to the same conclusion when it found:

"... the forfeiture and conviction are punishment for the same offense because the forfeiture necessarily requires proof of the criminal offense.... the fact remains that the government cannot confiscate Ursery's residence without a showing that he was manufacturing marijuana. The criminal offense is in essence subsumed by the forfeiture statute and thus does not require an element of proof that is not required by the forfeiture action."

59 F.3d at 575. The character of the act of forfeiture is without question punishment whether or not a defendant appears as part of the proceeding. This is especially true when there is no doubt about the owner of the property seized. *See United States v. Ailemen*, 893 F.Supp. 888 (D.N.Cal.1995); *Brophil*, 899 F.Supp. at 1268.

██ The case before this court is one for which there can be no doubt to whom the confiscated property belonged. Mr. Gainer is listed as the owner of the truck. The court is persuaded that the character of the act, monetary loss through forfeiture, not the defendant's participation or lack of participation in the proceeding, is the critical factor in determining whether a prior punishment has occurred. The court finds that when the government confiscated Mr. Gainer's property (known by the title he possessed) the character of that act was punishment and jeopardy attached. When the government then prosecuted Mr. Gainer on criminal charges for the same event, Mr. Gainer was the victim of multiple punishment for the same offense in violation of the Fifth Amend-

ment's proscription against such behavior by the government.

The court recognizes that more cases support the requirement that a defendant must contest the civil forfeiture proceeding before he has been placed in jeopardy. However, the court finds the reasoning of both the *Ursery* and *Brophil* courts persuasive and aligns itself with those decisions. As the *Brophil* court stated:

> The Court does not take lightly either the dismissal of criminal charges against a defendant or the significant efforts undertaken by the Government to reduce drug abuse in this country. However, the protections of the Constitution apply to all citizens, and the constitution must never be made a casualty of the Government's war on drugs. 899 F.Supp. at 1266 citing *United States v. Lasanta*, 978 F.2d 1300, 1305 (2d Cir.1992).

The court finds that Mr. Gainer was twice placed in jeopardy in violation of the Fifth Amendment. Therefore, the motion to vacate, set aside or correct sentence must be granted.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 (Doc. 90) is granted.