**UNITED STATES of America, Plaintiff,**

v.

**Ricky D.L. AUSTIN, Defendant.**

**No. 93–20097–01.**

United States District Court,
D. Kansas.

Jan. 9, 1996.

Loren W. Moll, Bryan Cave L.L.P., Overland Park, KS, Max D. Goracke, Michael J. Gunter, Kansas City, MO, David J. Phillips, Office of Federal Public Defender, Kansas City, KS, James E. Kelley, Jr., Lewis, Rice & Fingersh, Kansas City, MO, Donald C. Randolph, Randolph & Levanas, Santa Monica, CA, James P. Moran, Office of Federal Public Defender, Denver, CO, for defendant.

James E. Flory, Office of United States Attorney, Kansas City, KS, for plaintiff.

1. Mr. Austin claims that a portable cellular telephone was also seized. This contention, however, is unsupported by any documentation, sworn affidavit, or otherwise. The evidence before the court relates exclusively to the Monte Carlo. The court will therefore refer only to the seized automobile.

2. The government initially argued that Mr. Austin's failure to raise the double jeopardy issue on his appeal bars this motion. The government is correct that a defendant who fails to present an issue on direct appeal is barred from raising the issue in a section 2255 motion unless he can

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Defendant Ricky D.L. Austin was arrested on December 17, 1993 and charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He pled guilty on May 20, 1994 and was sentenced on September 12, 1994. The Tenth Circuit has affirmed defendant's conviction and sentence. Either at the time Mr. Austin was arrested or on January 24, 1994, the police seized the 1986 Chevrolet Monte Carlo that Mr. Austin was operating at the time of his arrest.[1] The car was administratively forfeited on March 25, 1994.

In his Motion to Vacate Sentence and Conviction Pursuant to 28 U.S.C. § 2255 (Doc. # 67), which is presently before the court, Mr. Austin requests vacation of his criminal conviction on double jeopardy grounds. For the reasons stated below, the court denies defendant's motion.

The threshold requirement of any double jeopardy claim is the attachment of jeopardy in more than one proceeding. Mr. Austin asserts that jeopardy attached in both the civil forfeiture action and the criminal proceeding. The government responds that jeopardy does not attach in an uncontested administrative forfeiture.[2] Under the circumstances presented by this case, the court finds that the forfeiture of the Monte Carlo did not cause jeopardy to attach to Mr. Austin.

The Tenth Circuit has not decided whether jeopardy attaches in an uncontested administrative forfeiture. The question was expressly avoided in *United States v. McDermott*, 64 F.3d 1448, 1455 n. 8 (10th Cir.1995). The

show either (1) cause for his procedural default and actual prejudice resulting from the alleged errors or (2) that a fundamental miscarriage of justice will occur if his claim is not addressed. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir.1994). The court finds, however, that because Mr. Austin's argument is based in part on appellate decisions decided subsequent to his appeal, a fundamental miscarriage of justice would occur if this court did not address his claims. *United States v. Pledger*, 887 F.Supp. 1400, 1403 n. 2 (D.Kan.1995).

courts in this district are split. *Compare United States v. Carlos,* 906 F.Supp. 582 (D.Kan.1995) *and Hardwell v. United States,* No. 95–1167, 1995 WL 463666 (D.Kan. July 20, 1995) with *Gainer v. United States,* 904 F.Supp. 1234 (D.Kan.1995).

Regardless of whether or not jeopardy can ever attach in an uncontested administrative forfeiture, a question this court does not address, this court believes that the Tenth Circuit would hold that jeopardy does not attach when the forfeited property does not belong to the defendant. *See United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994); *see also Gainer,* 904 F.Supp. 1234; *Hardwell,* 1995 WL 463666, at *3 & n. 1. The registered owner of the seized Monte Carlo is Donald C. Frank, Jr.[3] Mr. Austin has made no showing that he has any ownership interest in the Monte Carlo. Thus, jeopardy to Mr. Austin did not arise from the automobile's forfeiture. As a result, Mr. Austin's criminal conviction was not double jeopardy. "You can't have double jeopardy without a former jeopardy." *Torres,* 28 F.3d at 1465. Mr. Austin's motion must be denied.

**IT IS THEREFORE BY THE COURT ORDERED** that Mr. Austin's Motion to Vacate Sentence and Conviction Pursuant to 28 U.S.C. § 2255 (Doc. # 67) is denied.

**IT IS SO ORDERED.**

---

**3.** Attached to the government's motion are letters from the Drug Enforcement Administration. Each states that Donald C. Frank is the registered owner of the Monte Carlo. Mr. Austin has offered nothing to refute this.