No. 95-3661

United States of America,     *
                                       *
           Appellee,         *
                                       * Appeal from the United States
         v.                 * District Court for the
                                       * Eastern District of Missouri.
Lamond Sykes, also known    *
as Q,                           *
                                       *
           Appellant.        *

Submitted:   December 12, 1995

Filed:   January 9, 1996

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

HEANEY, Circuit Judge.

Lamond Sykes appeals from the district court's denial of his motion to dismiss an indictment. Sykes contends that the indictment violates the Double Jeopardy Clause of the Fifth Amendment because the government has already punished him by seizing and forfeiting his property for the same offenses. We affirm.

BACKGROUND

Over a several-month period prior to indictment, the government seized the following assets from Sykes:

1. A 1994 Jeep Cherokee valued at $32,257 seized pursuant to 21 U.S.C. § 881(a)(6);

2. $30,000 in U.S. currency seized pursuant to 21 U.S.C. § 881(a)(6);

3. Fourteen pieces of industrial dry cleaning equipment seized from Sykes business pursuant to 19 U.S.C. 981;

4. $19,222.96 in U.S. currency seized pursuant to 18 U.S.C. § 981; and

5. $49,031 in U.S. currency seized pursuant to 21 U.S.C. § 881(a)(6).

Among the five property items, Sykes contested only the forfeiture of the Jeep and the $30,000. The government completed forfeiture against the other three properties in proceedings that were uncontested by Sykes.

Subsequently, the government indicted Sykes for offenses arising from the same conduct that was the basis of the prior seizures and forfeitures. The pending indictment charges him with conspiracy to distribute heroin and cocaine, money laundering, making a false statement to a federally insured financial institution, and engaging in a continuing criminal enterprise. At present, the government has stayed the forfeiture proceedings against the Jeep pending the outcome of the criminal proceeding. The government halted its civil action against the $30,000; the same money is now the subject of a criminal forfeiture count in the indictment.

## DISCUSSION

The question presented by this appeal is whether the district court erred in holding that the indictment did not violate the constitutional prohibition against successive punishments for the same offense. We review the district court's denial of the motion

to dismiss de novo.  United States v. Petty, 62 F.3d 265, 267 (8th Cir. 1995).

The Fifth Amendment provides that "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Although the text of the Amendment mentions only harms to "life or limb," it is well settled that the Double Jeopardy Clause applies to imprisonment and monetary penalties.  See, e.g., United States v. Halper, 490 U.S. 435 (1989); Ex parte Lange, 85 U.S. 163, 18 Wall. 163 (1873).  The Double Jeopardy Clause protects against a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense.  Schiro v. Farley, 114 S. Ct. 783, 789 (1994).  Sykes asserts that both the prior forfeitures and the pending forfeitures constitute punishment within the meaning of the Double Jeopardy Clause and, therefore, that he cannot be prosecuted for the same offenses which formed the basis of those forfeitures.  We disagree.

Before Sykes can invoke the Double Jeopardy Clause to bar this prosecution, he must demonstrate that he has already been subjected to punishment in a prior proceeding.  Serfass v. United States, 420 U.S. 377, 393 (1975) ("[It is a] fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy.")  With respect to the completed administrative forfeitures, Sykes was not a party to the proceedings; he did not contest the forfeitures.  Under the holding of this court in United States v. Pena, 67 F.3d 153, 155-56 (8th Cir. 1995), Sykes was not placed in jeopardy by those civil proceedings.  But see Gainer v. United States, 1995 WL 675437 (D. Kan. Nov. 8, 1995) and United States v. Brophil, 899 F. Supp. 1257, 1264 (D. Vt. 1995) (holding that failure to appear at a civil forfeiture proceeding does not preclude an individual from raising a double jeopardy claim in a subsequent criminal prosecution).  Nor has Sykes been subjected to prior jeopardy by the pending forfeitures of the Jeep and $30,000.

-3-

Although Sykes intervened in the proceedings and asserted his ownership of the property, this circuit has held that the government's stay of the forfeiture proceedings prevents the attachment of jeopardy. <u>United States v. Clemente</u>, 1995 WL 704334, *2 (8th Cir. Dec. 1, 1995) ("Jeopardy does not attach upon the government's mere filing of an administrative claim.")

Sykes fails to demonstrate the prerequisite prior jeopardy. Thus, the indictment does not violate the Double Jeopardy Clause and we affirm the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.