No. 95-3164

Gregory J. Cooke,                        *
                                         *
          Appellant,                     *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   District of Minnesota.
United States of America,                *        [UNPUBLISHED]
                                         *
          Appellee.                      *

Submitted:  March 26, 1996

Filed:  April 4, 1996

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

PER CURIAM.

Gregory J. Cooke appeals from the district court's[1] order denying his 28 U.S.C. § 2255 motion to vacate his sentence.  We affirm.

In February 1985, the United States Drug Enforcement Administration (DEA) seized two automobiles registered to Cheryl Cooke, and two automobiles registered to Gregory Cooke, as part of an investigation into Gregory's drug trafficking activities.  The DEA initiated administrative forfeiture proceedings under 21 U.S.C. § 881; it denied Cheryl's petition for remission or mitigation of the forfeiture for her two automobiles.  No further claims or cost bonds were filed, and all four vehicles were forfeited.

Gregory Cooke was subsequently convicted of numerous drug- and tax-related offenses; the district court sentenced him to twenty-

---

[1]The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

five years imprisonment without parole, a three-year special parole term, and a $100,000 fine. This court affirmed his conviction and sentence. United States v. O'Connell, 841 F.2d 1408, 1414, 1433 (8th Cir.), cert. denied, 487 U.S. 1210 (1988), and cert. denied, 488 U.S. 1011 (1989).

In December 1994, Cooke filed the instant section 2255 motion, arguing that his conviction and sentence following the forfeitures violated the Double Jeopardy and Excessive Fines Clauses, and that his prison sentence was excessive. The government responded that jeopardy did not attach to the uncontested administrative forfeitures, as Cooke did not assert any cognizable interest in the two vehicles registered to his wife and he had not contested the forfeiture of the other two vehicles; and that Cooke's challenge to his prison sentence as excessive was barred because he raised the claim in his direct criminal appeal. Cooke replied, inter alia, that, because the cars were forfeited during his criminal trial, he could not defend the forfeiture without jeopardizing his Fifth Amendment right against self-incrimination. The district court denied relief.

The Double Jeopardy Clause protects against three abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Before Cooke can assert that his conviction violated the Double Jeopardy Clause, he must demonstrate that he was subjected to punishment in a prior proceeding. See Serfass v. United States, 420 U.S. 377, 393 (1975). Because Cooke did not contest the administrative forfeitures, he was not a party to and was not placed in jeopardy by those civil proceedings. See United States v. Sykes, 73 F.3d 772, 773-74 (8th Cir. 1996); United States v. Pena, 67 F.3d 153, 155-56 (8th Cir. 1995). Because Cooke was not a party to the forfeiture proceedings, there was no adverse adjudication of his culpability or a determination of his ownership

interest in the forfeited property.  See United States v. Torres, 28 F.3d 1463, 1465-66 (7th Cir.), cert. denied, 115 S. Ct. 669 (1994).

We also reject Cooke's argument that he risked waiver of his Fifth Amendment privilege against self-incrimination had he defended the forfeiture action.  Cf. United States v. Clementi, 70 F.3d 997, 1000 n.4 (8th Cir. 1995) (claiming ownership of property by joining forfeiture action is not self-incriminating because statute at issue did not forbid ownership of firearms).

To assert a violation of the Excessive Fines Clause, the defendant bears the initial burden of showing gross disproportionality.  United States v. Alexander, 32 F.3d 1231, 1235 (8th Cir. 1994).  We agree with the district court that Cooke did not meet that burden.

Finally, Cooke's claim that his twenty-five-year sentence for his continuing-criminal-enterprise conviction was excessive was raised and decided against him on direct appeal.  O'Connell, 841 F.2d at 1425 n.9. It cannot be relitigated in a section 2255 motion.  See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.