DENNIS, Circuit Judge, specially
concurring:
I concur in the majority’s opinion in all respects except for its reliance upon United States v. Arreola-Ramos, 60 F.3d 188 (5th Cir.1995), for the proposition that an administrative “summary forfeiture, by definition, can never serve as a jeopardy component of a double jeopardy motion [because in such proceedings] no one is punished.” Id. at 192 (emphasis original). Amolctr-Ramos is considered precedential in our circuit for the point relied upon by the majority, but I believe that in this respect it conflicts with the Supreme Court’s decisions in Montana Department of Revenue v. Kurth Ranch, — U.S.-, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); and United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1987), and should be reconsidered as to that issue by this court en banc.
In Atreolar-Ramos, the Government seized money during a search of the defendant’s home in connection with its investigation of suspected drug activity. While Arreola-Ra-mos was incarcerated following his arrest on charges stemming from the same activity, the Government, in accordance with federal forfeiture provisions, published notice of its intention to forfeit the property. Arreola-Ramos did not enter an appearance or contest the forfeiture, and the property was consequently forfeited summarily, with title vesting in the Government. Subsequently, Arreola-Ramos filed a motion to dismiss the criminal case pending against him, arguing that the prosecution for the same offense giving rise to the forfeiture placed him in jeopardy a second time, in violation of the Fifth Amendment’s double jeopardy clause. Although acknowledging that the double jeopardy clause protects against multiple punishments, as well as multiple prosecutions, id. at 191-92, the court rejected the defendant’s contention, holding that an administrative forfeiture, “by definition, can never serve as a jeopardy component of a double jeopardy motion. In summary forfeiture proceedings, there is no trial, there are no parties, and no one is punished.” Id. at 192 (emphasis original).[1]
The panel opinion characterized the defendant’s argument as “a transparent bit of legal alchemy, [that] attempts to transmute the ‘lead’ of a civil forfeiture proceeding — in which [defendant] was not even a party — into the ‘gold of former jeopardy.’ ” Id. at 190. Examination of the Arreolar-Ramos gloss on civil forfeiture, however, reveals the opinion itself to be spun with threads of judicial straw rather than even Rumpelstiltskin’s gold. The opinion is predicated on what the panel acknowledged was a “legal fiction”: *1073 That property that is unclaimed in an administrative forfeiture is “unowned” and consequently its forfeiture cannot be “punishment.” See id. at 192.
Recent United States Supreme Court opinions, and this circuit’s decisions interpreting them, clearly establish that the forfeiture of a person’s lawfully owned property, because of that person’s illegal activity, may constitute “punishment” for double jeopardy purposes. See Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (forfeiture of property under 21 U.S.C. §§ 881(a)(4) and 881(a)(7) per se constitutes punishment for purposes of Eighth Amendment excessive fines analysis); United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (civil penalty may be punishment for purposes of double jeopardy analysis); United States v. Perez, 70 F.3d 345 (5th Cir.1995) (Austin’s reliance on Hal-per demonstrates that forfeitures under 21 U.S.C. §§ 881(a)(4) and 881(a)(7) are punishment per se under either double jeopardy or excessive fines analysis); see also Montana Department of Revenue v. Kurth Ranch, — U.S. -, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (holding that Montana’s tax on the possession of illegal drugs constituted punishment for purposes of the double jeopardy clause). The proper question presented by an administrative forfeiture double jeopardy claim, therefore, is not whether the defendant claimed ownership at the appropriate time, but whether the defendant actually had a legal property interest in the forfeited items, and consequently was punished as a result of the property’s forfeiture. See United States v. Baird, 63 F.3d 1213, 1224 (3rd Cir.1995) (Sarokin, J., dissenting) (“The issue should be whether defendant was the owner, not whether he filed a proper and timely claim of ownership in the forfeiture proceeding. He is punished if his property is forfeited, irrespective of whether or not he participated.”); see also Gainer v. United States, 904 F.Supp. 1234, 1237 (D.Kan.1995) (“The character of the act of forfeiture is without question punishment whether or not a defendant appears as part of the proceeding. This is especially true when there is no doubt about the owner of the property seized.”); United States v. Brophil, 899 F.Supp. 1257, 1262 (D.Vt.1995) (a forfeiture proceeding “subjectjs] the property owner to the hazards of forfeiture, regardless of whether or not he appeared as a party. Because the Supreme Court has held that such civil forfeiture proceedings do constitute punishment ... the protections of the Double Jeopardy Clause should apply to one like Brophil whose property the Government has seized in that manner.”), overruled sub silentio by United States v. Idowu, 74 F.3d 387 (2nd Cir.1996). There are valid reasons a defendant may fail to inject him or herself into administrative forfeiture proceedings, from lack of money to obtain assistance of counsel or post a bond to fear of jeopardizing trial rights. See, e.g., Baird, 63 F.3d at 1224 (Sarokin, J., dissenting) (“A defendant may choose not to participate because the allegations are true, or for fear that a claim of ownership could be utilized against him in the criminal proceeding.”). A defendant’s decision to refrain from contesting forfeiture proceedings should not serve as the basis for manufacturing the fiction that property belonging to the defendant is ownerless.
In concluding that a defendant who has failed to assert his ownership interest by timely contesting an administrative forfeiture has never been in jeopardy, the Arreola-Ramos panel followed the Seventh Circuit’s lead in United States v. Torres, 28 F.3d 1463 (7th Cir.1994), a decision that glibly concluded jeopardy did not attach where the defendant never became a party to an administrative forfeiture proceeding due to his failure to contest the forfeiture: “As a non-party, Torres was not at risk in the forfeiture proceeding, and ‘[wjithout the risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.’” Torres, 28 F.3d at 1465 (quoting Serfass v. United States, 420 U.S. 377, 391-92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)). I recognize that the other circuit courts of appeal to address this issue have done the same, seizing the glittering opportunity presented by Torres to evade a difficult constitutional issue. See, e.g., United States v. German, 76 F.3d 315 (10th Cir.1996); United States v. Cretacci, 62 F.3d 307 (9th Cir.1995); United States v. Idowu, 74 F.3d 387 (2nd Cir.1995); United States v. Baird, 63 F.3d 1213 (3rd Cir.1995). The superficial appeal of an erro *1074 neous decision, however, does not transmute its hollow essence into a rationale based on reality or common sense. The Torres line of cases flies in the face of both reason and Supreme Court precedent, see Baird, 63 F.3d at 1225 (Sarokin, J., dissenting); Gainer, 904 F.Supp. at 1237, Brophil, 899 F.Supp. at 1261-66, and this circuit’s reliance on the Torres approach should receive closer scrutiny and more careful consideration in light of those Supreme Court decisions.
In this case, however, the district court properly found that the forfeiture of the proceeds of Schinnell’s fraudulent activities was not punishment requiring dismissal of her criminal prosecution under the double jeopardy clause. Schinnell’s property was forfeited under a statute that applied only to property constituting or derived from proceeds. See 18 U.S.C. § 1343. As the majority discusses as additional grounds for rejecting Schinnell’s double jeopardy claim, the forfeiture of proceeds is not punishment, see United States v. Tilley, 18 F.3d 295 (5th Cir.1994), and, to the extent that property rightfully belonging to Schinnell was improperly forfeited under § 1343, her recourse was to seek to have the forfeiture set aside. See Op. at 3080-82.

. The Arreola-Ramos court also adverted to Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), for the proposition that jeopardy cannot attach “until a defendant is 'put to trial before the trier of facts, whether the trier be a judge or jury.’ " Arreola-Ramos, 60 F.3d at 192 n. 22 (quoting Serfass, 420 U.S. at 388, 95 S.Ct. at 1063). Serfass, however, was a case implicating the double jeopardy prohibition against multiple prosecutions and does not stand for the proposition that all double jeopardy claims are predicated on multiple proceedings. See United States v. Baird, 63 F.3d 1213, 1225 (3rd Cir.1995) (Sarokin, J., dissenting); United States v. Brophil, 899 F.Supp. 1257, 1261-62 (D.Vt.1995), overruled sub silentio by United States v. Idowu, 74 F.3d 387 (2nd Cir.1996).