_____

No. 95-2427
_____

United States of America,               *
                                         *
            Appellee,                    *
                                         *  Appeal from the United States
      v.                                 *  District Court for the
                                         *  Western District of Missouri
Marcel Samuel Lambert,                   *
                                         *           [UNPUBLISHED]
            Appellant.                   *


                            _____

              Submitted:  June 26, 1996

                  Filed:  July 3, 1996
                            _____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
                            _____


PER CURIAM.


      Marcel Samuel Lambert pleaded guilty to distributing marijuana on or
about October 29, 1992, and November 5, 1992, in violation of 21 U.S.C. §
841(a)(1).  At sentencing, the district court[1] found that Lambert's
December 1990 involvement with twenty pounds of marijuana and his
subsequent negotiations (which spanned a period between 1992 and 1993) for
100 pounds of marijuana constituted relevant conduct to the offenses of
conviction.  The district court sentenced Lambert to concurrent sentences
of 33 months imprisonment, consecutive to a previously-imposed federal
sentence, and five years supervised release.  Lambert appeals, and we
affirm.


      Lambert first argues that the district court erred in its drug-
quantity calculation, because his negotiations with a

_____

      [1]The Honorable D. Brook Bartlett, Chief Judge, United States
District Court for the Western District of Missouri.

confidential informant never resulted in an agreement and his involvement in the purchase of the twenty pounds of marijuana did not constitute relevant conduct.  After careful review of the record, we conclude the district court did not clearly err in finding that Lambert was involved in the 1990 transaction and the later negotiations, and that this uncharged conduct constituted relevant conduct under U.S.S.G. § 1B1.3(a)(2) (relevant conduct includes, for drug distribution offense, acts that were part of same course of conduct or common scheme or plan as offense of conviction).  See United States v. Karam, 37 F.3d 1280, 1285 (8th Cir. 1994) (standard of review), cert. denied, 115 S. Ct. 1113 (1995).  We also conclude the district court did not err in using "the weight under negotiation" in determining the amount for which Lambert was accountable.  See U.S.S.G. § 2D1.1, comment. (n.12) (1994) (for offense involving negotiation to traffic in controlled substance, "the weight under negotiation in an uncompleted distribution shall be used to calculate" quantity of drugs attributable to defendant).  Thus, we conclude the district court did not clearly err in determining that Lambert's base offense level was 20.  See U.S.S.G. § 2D1.1(a)(3), (c)(10); United States v. Adipietro, 983 F.3d 1468, 1472 (8th Cir. 1993) (standard of review; drug quantity).

Lambert also argues that a prior uncontested civil forfeiture of his automobile posed a double jeopardy bar to his prosection and conviction for one of the distribution charges.  This argument is foreclosed by our recent opinion in United States v. Sykes, 73 F.3d 772, 773-74 (8th Cir.), cert. denied, 1996 WL 271764 (U.S. June 10, 1996) (No. 95-1824).  See also United States v. Ursery, 1996 WL 340815 (U.S. June 24, 1996) (No. 95-345) (holding in rem civil forfeitures are neither punishment nor criminal for double jeopardy purposes).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.