**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5309

JEFFREY YEAGER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5310

MARY CASTO,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-94-10107-K)

Submitted: February 28, 1997

Decided: August 12, 1997

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Pool, LAW OFFICES OF JAMES M. POOL, Clarksburg,
West Virginia, for Appellants. William D. Wilmoth, United States

Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal their convictions, pursuant to guilty pleas, for conspiring to possess with the intent to distribute and distributing marijuana and LSD, in violation of 21 U.S.C. § 846 (1994). At their plea hearing, Appellants moved to dismiss the criminal proceedings. Their motion was based on double jeopardy grounds because prior to the criminal proceedings, the Drug Enforcement Administration seized cash from them pursuant to W. Va. Code §§ 60A-7-701 to -707 (1992). Both the civil forfeiture and the criminal proceedings arose from the same set of facts. The district court denied Appellants' motion; the court accepted their pleas. Appellants were each sentenced to sixty months imprisonment with five years of supervised release. They timely appeal.

On appeal, Appellants claim that their federal convictions following forfeiture of their property pursuant to civil forfeiture proceedings violate the Double Jeopardy Clause, and their sentencing was based upon an erroneous calculation of the base offense level for LSD. Because we find no error, we affirm Appellants' convictions and sentences.

Appellants first claim that they were subjected to double jeopardy by their criminal proceedings because of the prior civil forfeiture proceedings brought pursuant to state law; the funds were forfeited to the United States. Appellants admit that they did not appear in the prior forfeiture proceedings. The Government claims that jeopardy never attached to the forfeiture proceedings because neither Appellant contested the proceedings. We agree.

2

In United States v. Torres, 28 F.3d 1463, 1464 (7th Cir. 1994), Torres and his drug partner produced $60,000 to pay for drugs. The Government subsequently commenced separate criminal and administrative proceedings, one seeking imprisonment and the other seeking civil forfeiture of the $60,000. Id. Torres pled guilty to the drug offenses. Id. On appeal to the Seventh Circuit, Torres claimed that by virtue of the Double Jeopardy Clause, the forfeiture of the $60,000 precluded the sentence of imprisonment. Id. The Seventh Circuit found that parallel administrative and criminal proceedings do not necessarily violate the Double Jeopardy Clause. Id. at 1465. The Government gave Torres notice inviting him to make a claim in the forfeiture proceedings, but he failed to do so. Id. Thus, he did not become a party to the forfeiture. Id. The Seventh Circuit held that because there was no trial and the $60,000 was forfeited without opposition, jeopardy did not attach. Id. "As a non-party, Torres was not at risk in the forfeiture proceeding, and `[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.'" Id. (quoting Serfass v. United States, 420 U.S. 377, 391-92 (1975)). Appellants attempt to distinguish Torres by noting that in Torres the civil forfeiture and the criminal proceedings were parallel proceedings, whereas in this case the criminal proceedings were instituted over two years after the forfeiture of the money. This distinction, however, is immaterial to the issue of whether jeopardy attached to the uncontested forfeiture proceedings.

The other circuits that have considered the issue have unanimously found that an administrative forfeiture resulting from a defendant's failure to claim property cannot implicate double jeopardy. See United States v. Keeton, 101 F.3d 48, 50 (6th Cir. 1996); United States v. Morgan, 84 F.3d 765, 767 (5th Cir. 1996); United States v. Clark, 84 F.3d 378, 381-82 (10th Cir. 1996); United States v. James, 78 F.3d 851, 855 (3d Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9224); United States v. Idowu, 74 F.3d 387, 394-95 (2d Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3806 (U.S. June 3, 1996) (No. 95-8843); United States v. Sykes, 73 F.3d 772, 773 (8th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3818, 3821 (U.S. June 10, 1996) (No. 95-1824); United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3837 (U.S. June 17, 1996) (No. 95-7955). We find that

3

the rationale employed in these cases is valid because a contrary holding would allow a defendant to avoid criminal prosecution by failing to contest the forfeiture of his property. Appellants' argument that they were exercising their rights against self-incrimination by not contesting the civil forfeiture is meritless. A defendant does not risk incriminating himself by claiming that he owns property that is subject to forfeiture. Cretacci, 62 F.3d at 311. A defendant's claim of ownership at a pre-trial suppression hearing of property that he contends was unlawfully seized may not be used to prove his guilt. Id. Likewise, a defendant's claim of ownership of property that was subject to forfeiture may not be used for that purpose. Id.

Further, these holdings are not inconsistent with the recent Supreme Court decision in United States v. Ursery, ___ U.S. ___, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996) (Nos. 95-345, 95-346), which addressed not the attachment of jeopardy, but rather what was sufficient to constitute criminal punishment for purposes of the Double Jeopardy Clause. Therefore, jeopardy did not attach to the civil forfeiture of Appellants' property. Because there was no former jeopardy, Appellants were not subjected to double jeopardy by the subsequent criminal proceedings. See Serfass, 420 U.S. at 389.

Appellants next claim that the district court's calculation of their base offense levels for LSD was erroneous. Appellants rely on United States v. Turner, 59 F.3d 481 (4th Cir. 1995). Turner interpreted Amendment 488 to the Sentencing Guidelines, effective November 1, 1993, which revised the method of calculating the weight of LSD in the Sentencing Guidelines. United States Sentencing Commission, Guidelines Manual, App. C., Amend. 488 (Nov. 1994) (1994 USSG). The issue on appeal in Turner was how Amendment 488 governs the determination of a defendant's base offense level in a case involving liquid LSD. Id. at 483-84. As the Turner court noted, however, Amendment 488 also applies to LSD on blotter paper. Id. at 484; see Neal v. United States, ___ U.S. ___, 64 U.S.L.W. 4077, 4078 (U.S. Jan. 22, 1996) (No. 94-9088); USSG § 2D1.1(c), n. *. The amended guideline instructs the courts to give each dose of LSD on a carrier medium a constructive or presumed weight of 0.4 milligrams. Id. For purposes of determining the applicability of the statutory mandatory minimum sentence, however, the sentencing court must take into

4

account the actual weight of the blotter paper with its absorbed LSD. Neal, 64 U.S.L.W. at 4080.

At sentencing, Appellants admitted their involvement with approximately 300 hits of LSD, but denied the Government's claim that they were involved with an additional 1300 hits of LSD and fifty-six kilograms of marijuana. However, the court found based on the preponderance of the evidence that an additional 1300 hits of LSD and fifty-six kilograms of marijuana were attributable to the Appellants. Thus, the court found the Appellants responsible for 1600 hits of LSD and fifty-six kilograms of marijuana. The court further found that more than one gram or more of a mixture containing LSD was involved in the offense. The district court's findings were based on an unreviewable determination of the credibility of the Government's witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Because the court found that Appellants' offense involved one gram or more of a mixture containing a detectable amount of LSD, the statutory minimum sentence is five years or sixty months. 21 U.S.C. § 841(b)(1)(B)(v) (1994); see Neal , 64 U.S.L.W. at 4080. As the Appellants were sentenced to sixty months incarceration, the district court did not err. Further, pursuant to § 2D1.1(c), n. *, 1,600 hits of LSD on blotter paper is equivalent to 640 milligrams or .64 grams of LSD. Because one gram of LSD equals 100 kilograms of marijuana, .64 grams of LSD equals sixty-four kilograms of marijuana. See USSG § 2D1.1(c), Drug Equivalency Table. Thus, with the additional fifty-six kilograms of marijuana, Appellants were responsible for 120 kilograms of marijuana. The district court correctly found that Appellants' base offense levels were 26. USSG § 2D1.1(c).

Accordingly, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5