82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Jesus MENDOZA, Defendant-Appellant.
 No. 95-1269.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 Before: NORRIS, SILER and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Jose Jesus Mendoza appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, a jury found Mendoza guilty of distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841. The district court sentenced Mendoza to 108 months of imprisonment, four years of supervised release, imposed a $50 special assessment and recommended deportation. Mendoza has filed a timely appeal.
 
 
 3
 On appeal, Mendoza's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel submitted the following issues for review: 1) whether the district court violated Mendoza's right to a speedy trial; 2) whether Mendoza's conviction violates the Fifth Amendment Double Jeopardy Clause; 3) whether the district court properly denied Mendoza's motion to suppress translated audio-tape conversations; 4) whether the district court erred by not having a certified interpreter present during the proceedings; 5) whether Mendoza received an unfair trial because of juror misconduct; 6) whether Mendoza attempted to obstruct justice; and 7) whether trial counsel rendered ineffective assistance. On October 3, 1995, counsel informed Mendoza of her intent to withdraw her representation and informed him that he had 21 days to respond to the motion to withdraw. In response, Mendoza argued that (unspecified) meritorious issues existed and stated his intent to file a pro se brief on or before December 31, 1995. However, on December 12, 1995, Mendoza requested that the court either deny counsel's motion to withdraw or grant him an extension to file an adequate response upon his receipt of his trial transcripts. He also requests the appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court did not violate Mendoza's right to a speedy trial. The Speedy Trial Act, 18 U.S.C. § 3161 et seq., requires that a defendant be tried within seventy days from the filing date of the information or indictment, or the date the defendant first appears before a judicial officer of the court in which the charges are pending, which ever is later. United States v. Chalkias, 971 F.2d 1206, 1209 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 351 (1992). Here, Mendoza's co-defendants filed various pretrial motions resulting in a delay of 51 days between arraignment and trial. However, Mendoza did not move to sever his trial from his co-defendants' trials. Thus, if 51 days are excluded, Mendoza was tried within seventy days after his arraignment, well within the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F); United States v. Earls, 42 F.3d 1321, 1324 (10th Cir.1994), cert. denied, 115 S.Ct. 1800 (1995); Chalkias, 971 F.2d at 1210.
 
 
 5
 Mendoza's conviction does not violate the Fifth Amendment Double Jeopardy Clause. A civil forfeiture judgment followed by a criminal prosecution and conviction may constitute double jeopardy. United States v. Ursery, 59 F.3d 568, 571-76 (6th Cir.), petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (95-345). However, the administrative forfeiture filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (95-345). However, the administrative forfeiture of unclaimed property does not trigger double jeopardy protections. United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994). The record reflects that the government notified Mendoza of the time frame within which to file a claim for the seized money, but that Mendoza never filed such a claim. Thus, because the forfeiture in this case involved unclaimed property, Mendoza's subsequent criminal conviction does not constitute a double jeopardy violation. See Torres, 28 F.3d at 1465.
 
 
 6
 The district court did not abuse its discretion when it admitted the transcriptions of various Spanish conversations into evidence. See United States v. Garcia, 20 F.3d 670, 672 (6th Cir.1994), cert. denied, 115 S.Ct. 1120 (1995). The police sergeant who translated the tapes testified that he grew up in a Spanish speaking home, that he had taken Spanish in high school and that he had translated various Spanish conversations during several trials in the past. Thus, while the government did not present a professional translator, it did provide sufficient evidence of the accuracy of the translations. See Garcia, 20 F.3d at 673. Moreover, Mendoza cannot successfully challenge the transcripts because he did not specify any inaccuracy in the translation or provide an alternative to the translation offered by the government. Id. at 672; see also United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir.1985) (a defendant may not complain about the accuracy of a transcript if he does not offer a substitute version of the transcript).
 
 
 7
 The district court did not err when it did not require a certified interpreter to be present at the proceedings. Pursuant to 28 U.S.C. § 1827(d)(1), the district court must utilize the services of a certified interpreter when a defendant's primary language is other than English. In this case, Mendoza did not request an interpreter, nor did he object to the lack of an interpreter. Moreover, Mendoza testified in English at his sentencing hearing, which indicates that he spoke sufficient English to understand the nature of the proceedings.
 
 
 8
 Mendoza did not establish that he received an unfair trial based on any juror misconduct. Although a juror had mistakenly believed that a person she had once dated sold drugs with one of the government witnesses, the district court conducted a hearing and concluded that the juror did not know the defendants. Thus, the juror did not deliberately conceal information regarding any relationship with the defendants. Cf. Zerka v. Green, 49 F.3d 1181, 1184-85 (6th Cir.1995) (plaintiff was not entitled to a new trial because the juror had not concealed information regarding a relationship with government witnesses that would have provided a basis to challenge the juror for cause).
 
 
 9
 The district court properly found that Mendoza had obstructed justice. We review the district court's findings of fact as to the defendant's conduct for an abuse of discretion, and review de novo the district court's determination of whether that conduct constitutes obstruction of justice within the meaning of USSG § 3C1.1. United States v. Oleson, 44 F.3d 381, 386 (6th Cir.1995). During the sentencing hearing, Mendoza's co-defendant testified that Mendoza had threatened him on more than one occasion in an effort to prevent the co-defendant from implicating Mendoza during the proceedings. Such conduct constitutes obstruction of justice. See USSG § 3C1.1, comment (n. 3a).
 
 
 10
 Finally, Mendoza's ineffective assistance of counsel claim is not cognizable on direct appeal. The record is inadequate to permit us to assess the merits of Mendoza's argument that counsel should have challenged the lack of a certified interpreter. Therefore, his argument is not cognizable on direct appeal and is more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 11
 We have further examined the record in this case and conclude that no reversible error is apparent from the record. We deny Mendoza's request for an extension of time to file a response to counsel's motion to withdraw for several reasons. First, although counsel forwarded her notice of intent to withdraw to Mendoza's wife, Mendoza arguably received notice of counsel's intent by November 22, 1995 (the certificate of service date on Mendoza's initial response), and yet he has not raised any specific meritorious issues for direct appeal. Second, as stated above, we have reviewed the record in this case, including the trial transcripts, and discovered no error warranting reversal of Mendoza's conviction or sentence.
 
 
 12
 Accordingly, we deny Mendoza's request for an extension of time to respond to counsel's motion, deny the appointment of counsel, grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation