[No. 19021-4-II.   Division Two.   May 10, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY LEROY ANDERSON, *Appellant*.

*John B. Atkinson* and *Law Office of John Atkinson,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Mark Von Wahlde, Deputy,* for respondent.

MORGAN, J. — The defendant claims that double jeopardy barred this prosecution for controlled substances. The trial court denied his claim, and he was convicted. He appeals, but we affirm.

On February 8, 1994, officers of the Tacoma Police Department placed Anderson under arrest for possession of cocaine. During a search of the vehicle he was driving, the officers seized $97 in cash and two pagers. On February 9, 1994, Anderson was charged with one count of possession of a controlled substance with intent to deliver.[1]

On the day of his arrest, February 8, the City of Tacoma served Anderson with a notice that it intended to forfeit the cash and pagers, pursuant to RCW 69.50.505. Under

---

[1] *See* RCW 69.50.401(a)(1)(i).

that statute, Anderson had 45 days to claim ownership, or "the item[s] seized shall be deemed forfeited."[2] Anderson did not claim ownership within 45 days, or at any time thereafter. Thus, on May 18, 1994, a hearing examiner issued an "Order Confirming Forfeiture."[3]

On April 6, 1994, Anderson pleaded guilty to the criminal charge. On November 18, 1994, he moved to vacate his guilty plea based upon double jeopardy. The trial court denied the motion, concluding:

> The defendant failed to perfect any claim of ownership in the property that was forfeited. This court finds that this defendant was not 'punished' as a result of the forfeiture of property found in his possession at the time of his arrest.[4]

■ The double jeopardy clause guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."[5] Generally, it bars trial if three elements are met: (a) jeopardy previously attached,[6] (b) jeopardy previously terminated,[7] and (c) the defendant is again in jeopardy "for the same offense."[8] The first two elements determine "former" jeopardy, which is a prerequisite to "double" jeopardy.[9] When "former" jeopardy is assumed or established, the third element determines

---

[2]*See* RCW 69.50.505(d).

[3]Ex. 1.

[4]Clerk's Papers at 32.

[5]U.S. Const. amend. V; Const. art. I, § 9. The two constitutional provisions have the same meaning. *State v. Gocken,* 127 Wn.2d 95, 896 P.2d 1267 (1995).

[6]*Serfass v. United States,* 420 U.S. 377, 388, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975); *State v. Higley,* 78 Wn. App. 172, 902 P.2d 659, *review denied,* 128 Wn.2d 1003 (1995).

[7]*Richardson v. United States,* 468 U.S. 317, 325, 104 S. Ct. 3081, 82 L. Ed. 2d 242 (1984); *Higley,* 78 Wn. App. 172.

[8]*United States v. Dixon,* 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993); *Brown v. Ohio,* 432 U.S. 161, 166, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932).

[9]*See Serfass,* 420 U.S. at 393 ("an accused must suffer jeopardy before he can suffer double jeopardy"); *People v. Marks,* 1 Cal. 4th 56, 820 P.2d 613, 2 Cal. Rptr. 2d 389 (1991) (same).

"double" jeopardy. The question here is whether jeopardy attached.

■■ Generally, a defendant is not put in jeopardy if he or she is not a party to the action. As stated in *United States v. Torres:*[10]

> Torres received notice inviting him to make a claim in the civil forfeiture proceeding. He did not. As a result, he did not become a party to the forfeiture. There was no trial; the [money] was forfeited without opposition; and jeopardy did not attach. You can't have double jeopardy without a former jeopardy.[11]

Our Supreme Court has deemed *Torres* persuasive. In *State v. Cole,*[12] it said:

> If Cole had simply defaulted in the forfeiture proceeding, he would not have had a viable double jeopardy claim. *See, e.g., United States v. Torres,* 28 F.3d 1463 (7th Cir. 1994) (holding that party who defaults in a civil forfeiture proceeding without making a claim to the forfeited property has not been placed in jeopardy, and cannot claim that a subsequent criminal prosecution is barred by double jeopardy).

Here, despite proper notice, Anderson never became a party to the forfeiture proceeding. As a result, he was not in jeopardy in the forfeiture proceeding, and his criminal conviction, even assuming it was subsequent to a forfei-

---

[10]28 F.3d 1463, 1465 (7th Cir.), *cert. denied,* 115 S. Ct. 669 (1994).

[11]28 F.3d at 1465 (citing *Serfass,* 420 U.S. at 389); *see also United States v. Ruth,* 65 F.3d 599 (7th Cir. 1995) ("Although in reality Ruth may have suffered two harms—the loss of his property in the forfeiture and the separate threat of loss of liberty from the criminal case—he cannot have been subjected to double jeopardy because he was only a party in a single case"), *cert. denied,* 116 S. Ct. 1548 (1996); *United States v. Baird,* 63 F.3d 1213, 1219 (3d Cir. 1995), *cert. denied,* 116 S. Ct. 909 (1996); *United States v. Wong,* 62 F.3d 1212, 1214 (9th Cir. 1995); *United States v. Cretacci,* 62 F.3d 307, 310-11 (9th Cir. 1995), *cert. denied,* 116 S. Ct. 2528 (1996); *United States v. Penny,* 60 F.3d 1257, 1262 (7th Cir. 1995) ("[i]t is irrelevant [defendant] believes the forfeiture action was directed toward him; he failed to assert an interest in the property at the forfeiture proceeding . . . ."), *cert. denied,* 116 S. Ct. 931 (1996).

[12]128 Wn.2d 262, 282 n.15, 906 P.2d 925 (1995).

640

ture, did not place him twice in jeopardy for the same offense.

Affirmed.

SEINFELD, C.J., and BRIDGEWATER, J., concur.