[No. 14952-8-III.    Division Three.    March 6, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD
LAWRENCE LYONS, *Appellant*.

*Eric M. Christianson*, for appellant.

*Steven M. Clem, Prosecuting Attorney*, and *Walter G. Edgar, Deputy*, for respondent.

BROWN, J. — The issue is whether an investigative detention is transformed into an arrest when the investigating officer physically restrains a suspect and states he is under arrest. Based on decisions from other jurisdictions, we conclude it is not.

Wenatchee Police Officer Jim West ran a routine registration check on a parked vehicle and determined that its owner, Ronald Lyons, had a revoked driver's license and three outstanding misdemeanor warrants. A few days later, Officer West saw this car abruptly pull into a driveway when the driver spotted the officer. The driver got out of the vehicle. Minutes later, Officer West saw the car approaching, and observed the driver was a male. Officer West attempted to follow the car and again the driver turned into a driveway, got out of the car, and began walking toward a nearby apartment building. Officer West told the man to stop, but he continued walking away. When the man reached the door of the apartment building, Officer West again told him to stop, and when the man tried to open the door, the officer "grabbed onto him and told him he was under arrest for driving while suspended." The officer then asked his name and the man identified himself as Ron Lyons. A later search of Mr. Lyons' pockets disclosed methamphetamine, a controlled substance.

Mr. Lyons was charged with one count of possession of a controlled substance. Mr. Lyons moved to suppress the methamphetamine as the fruit of an illegal arrest; the court denied his motion. Mr. Lyons also moved to dismiss the charge on double jeopardy grounds, alleging his automobile had been forfeited. The court denied the motion.

Mr. Lyons contends the officer's grabbing him and stating, "You're under arrest," constituted an arrest without probable cause. He argues probable cause did not arise until, immediately after this arrest, he disclosed his name to the arresting officer.

██ The arrest was certainly a seizure, but not every seizure is a custodial arrest. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). An officer who lacks probable cause to effect a custodial arrest may temporarily detain a suspect long enough to dispel the officer's reasonable suspicion. *State v. Belanger*, 36 Wn. App. 818, 677 P.2d 781 (1984). An officer may stop the driver of a vehicle based on the individualized suspicion arising from evidence the registered owner of the vehicle has a revoked or suspended driver's license. *See City of Seattle v. Yeager*, 67 Wn. App. 41, 834 P.2d 73 (1992), *review denied*, 121 Wn.2d 1027 (1993); RCW 46.20.430.

The issue presented here is whether the investigative stop was transformed into a custodial arrest by the officer's "grabbing" Mr. Lyons and stating, "You're under arrest." We find no Washington cases directly on point. Other jurisdictions have held the use of reasonable force to detain a suspect does not transform an investigative stop into an arrest. *See United States v. Weaver*, 8 F.3d 1240 (7th Cir. 1993); *Downs v. State*, 570 A.2d 1142 (Del. 1990); *Watkins v. State*, 288 Md. 597, 420 A.2d 270 (1980). Likewise, other jurisdictions have held that an officer's statement that the detainee is under arrest does not turn an investigative stop into an arrest. *See People v. Stevens*, 183 Colo. 399, 517 P.2d 1336, (1973); *Downs*, 570 A.2d 1142; *People v. Beall*, 42 Ill. App. 3d 452, 355 N.E.2d 756 (1976); *State v. Walton*, 159 N.J. Super. 408, 388 A.2d 268 (1978).

■ Until Mr. Lyons disclosed his name, the officer was conducting a lawful investigative stop, a limited seizure, based on an articulable suspicion Mr. Lyons was driving without a license. The use of minimal force in this seizure and the limited intrusion were reasonable in light of Mr. Lyons' failure to stop when asked to do so. The officer had the right to dispel his suspicion by identifying the driver. *Yeager*, 67 Wn. App. 41. Once he gave his name, the officer had probable cause for the arrest and search incident thereto.[1] The motion to suppress was properly denied.

■ Mr. Lyons contends this prosecution violates the double jeopardy clause. The record does not disclose any evidence Mr. Lyons was a party to the forfeiture action; he has no double jeopardy claim. *See United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996); *State v. Anderson*, 81 Wn. App. 636, 915 P.2d 1138 (1996).

Affirmed.

SWEENEY, C.J., and KURTZ, J., concur.

---

[1]*Compare* this seizure to that found in *State v. Wheeler*, 108 Wn.2d 230, 737 P.2d 1005 (1987) where, during an investigatory stop based upon articulable suspicion, a suspect was seized, handcuffed, and transported two blocks in a police car to a crime scene for identification.