109 P.3d 470 (2005)
126 Wash.App. 584
STATE of Washington, Petitioner,
v.
Alexander PHILLIPS, Respondent.
No. 22890-8-III.
Court of Appeals of Washington, Division 3, Panel Three.
March 31, 2005.
Reconsideration Denied May 10, 2005.
*471 Brian C. O'Brien, Spokane County Prosecutor's Office, Spokane, WA, for Appellant.
Susan M. Gasch, Gasch Law Office, Spokane, WA, for Respondent.
SWEENEY, A.C.J.
¶ 1 A law enforcement officer may stop a motorist and ask for identification when a random vehicle registration check discloses that the registered owner's driver's license has been suspended. Alexander Phillips was stopped and asked to show his driver's license. A sheriff's deputy had called in a random check of his vehicle's plate number and learned that the owner's license was suspended. The court suppressed the evidence for lack of sufficient grounds to justify a stop and the judge dismissed the charge of driving with license suspended. The superior court affirmed. We reject Mr. Phillips's argument that an investigative stop requires prior affirmative verification that the driver's appearance matches that of the registered owner. And we reverse the order of dismissal.

FACTS
¶ 2 A Spokane sheriff's deputy conducted a random Department of Licensing (DOL) records check on the vehicle Alexander Phillips was driving. The DOL reported that the registered owner's license had been suspended. The deputy pulled Mr. Phillips over and asked to see his driver's license, vehicle registration, and proof of insurance. Mr. Phillips was the registered owner of the vehicle, and his license was indeed suspended. He was arrested for driving with a suspended license. The deputy also cited Mr. Phillips for driving with expired vehicle tabs and without proof of insurance.
¶ 3 Mr. Phillips moved in district court to dismiss the charges. The judge accepted his argument that fresh information that the owner of a vehicle has a suspended license does not constitute probable cause to stop the vehicle and identify the driver. The judge ruled that failure of the officer to document that the appearance of the driver matched the DOL description of the vehicle owner rendered the stop unlawful.
¶ 4 The State appealed to the superior court. The superior court affirmed. The court ruled that an officer must establish that "the person driving at least fit[s] a minimum identification of the registered owner before the stop." Clerk's Papers at 36.
¶ 5 We granted the State's motion for discretionary review.

DISCUSSION
¶ 6 We review de novo the court's conclusions of law following a motion to suppress. State v. Shaver, 116 Wash.App. 375, 380, 65 P.3d 688 (2003). The question here is *472 whether an officer must corroborate, by information independent of the DOL, the identity of a driver as the registered vehicle owner whose license has been suspended.
¶ 7 An officer may stop a vehicle registered to a person whose driver's license has been suspended. RCW 46.20.349. A DOL report of suspension supports articulable suspicion of criminal conduct sufficient to justify a brief investigatory stop. State v. Penfield, 106 Wash.App. 157, 160-61, 22 P.3d 293 (2001). Our holding in Penfield is in accord with City of Seattle v. Yeager, 67 Wash.App. 41, 46-49, 834 P.2d 73 (1992). There, Division One of this court held that an officer may stop and investigate a vehicle bearing a license plate tab indicating that the vehicle owner's driving privileges are suspended. Id. at 47, 834 P.2d 73. Additional investigation is not required to stop. This is the import of RCW 46.20.349:
Any police officer who has received notice of the suspension or revocation of a driver's license from the department of licensing, may, during the reported period of such suspension or revocation, stop any motor vehicle identified by its vehicle license number as being registered to the person whose driver's license has been suspended or revoked. The driver of such vehicle shall display his [or her] driver's license upon request of the police officer.
¶ 8 Mr. Phillips contends that information about the registered owner is not, by itself, sufficient to justify a stop. He argues, based on our decision in Penfield, that the officer must compare a description of the registered owner to the driver before proceeding. We disagree.
¶ 9 The DOL's disclosure of licensing records violates neither a subjective nor objective expectation of privacy. State v. McKinney, 148 Wash.2d 20, 32, 60 P.3d 46 (2002). Indeed, vehicle registration numbers must be displayed front and back to enable law enforcement to obtain DOL information and to act on a reasonable suspicion arising from that information.
¶ 10 A law enforcement officer may conduct a limited seizure to investigate an articulable suspicion of wrongdoing. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). An officer who has notice from the DOL that a person's driver's license is suspended may stop any vehicle registered to that person and ask to see the driver's license. RCW 46.20.349. Evidence that the driver's license of the registered owner of a vehicle is revoked or suspended is individualized suspicion sufficient to establish cause for a Terry stop. RCW 46.20.349; State v. Lyons, 85 Wash.App. 267, 270, 932 P.2d 188 (1997). It is, then, appropriate and permissible for the officer to dispel his or her suspicion by identifying the driver. Lyons, 85 Wash.App. at 271, 932 P.2d 188; Yeager, 67 Wash.App. at 47, 834 P.2d 73.
¶ 11 Our decision in Penfield is an exception. There, we held that an officer may not, without additional grounds for suspicion, proceed with a stop based on a registration check once it is manifestly clear that the driver of the vehicle is not the registered owner. Penfield, 106 Wash.App. at 162, 22 P.3d 293. In Penfield, the driver and registered owner were of the opposite sex. Id. at 161, 22 P.3d 293.
¶ 12 But here, there was no apparent reason to suppose that this driver might not be the owner. Penfield required the officer to respond to the obvious. The law encourages officers to proceed on the reasonable suspicion that the registered owner of a vehicle is driving, absent some manifest reason to believe otherwise.
¶ 13 The motion to suppress should have been denied. We reverse the order of dismissal.
WE CONCUR: SCHULTHEIS, J., and BROWN, J.